CASE 44—PETITION ORDINARY—JUNE 2.

## City of Covington, &c., v. Geyler, &c.

APPEAL FROM KENTON CIRCUIT COURT.

1. MASTER AND SERVANT—INDEPENDENT CONTRACTORS.—Where the relation of an independent contractor exists as to the use of real property and the party employed is skillful in the performance of the duty he undertakes, and the thing directed is not in itself a nuisance, or will not necessarily result in a nuisance, the injury resulting not from the fact that the work is done, but from the negligent manner of doing it by the contractor or his servants, the owner can not be made to respond in damages.

2. SAME.—A contractor employed by a city to build an engine house, the contract stipulating that the work was to be done by him "under direction of the committees of the fire department and public buildin

who shall havé entire control over the manner of doing or shaping all and every part of said work," can not be regarded as an independent contractor so as to relieve the city from liability for injuries resulting· from his negligent performance of the work.

3. INJURY TO ADJOINING PROPERTY BY EXCAVATIONS IN ONE'S OWN SOIL.—While the owner of land has no right to remove or disturb even his own soil so as to withdraw the natural support of his neighbor's land, yet, if one changes the natural condition of his soil by erecting buildings on it, he does not thereby take away from his neighbor the right to the use and enjoyment of his land to the full extent that he might have enjoyed it had no such change been made; and he can not recover damages for any injury he may have sustained, by reason of the exercise by his neighbor of any of his original rights, unless they be exercised in an unskillful, careless or negligent manner; or, unless being reasonably certain that injury would result from his acts, such neighbor failed to apprise him of his intention, or to afford him an opportunity to use proper preventives.

   In this case the city, in making an excavation for a cellar preparatory to erecting its engine house, had the right to extend the excavation to the line of an adjoining lot owned by plaintiffs, although it was reasonably certain the wall of plaintiffs' house, erected within three inches of the line, would be endangered thereby, the city being simply required, after giving due notice to plaintiffs, to exercise the right of appropriating its property in a reasonably careful and prudent manner.

4. SAME.—While the city was not bound to assume the expense or risk of underpinning or bracing plaintiffs' wall, still, if it undertook to do so it was bound to use reasonable skill and care; and if, on account of negligence or want of skill on part of the person employed for the purpose, the injury to plaintiffs' house occurred, the city is liable to the extent of the damage done thereby.

5. SAME.—While the defendants had no right to remove any of plaintiffs' soil without their consent, the jury should have been instructed that they were not authorized to find damages for injury to the building on account of the removal of plaintiffs' soil, unless they believed such removal was both the proximate and independent ·cause of the wall sinking or giving away.

6. IT WAS NOT PROPER TO ALLOW BOTH HUSBAND AND WIFE TO TESTIFY, although they were joint owners of the injured property, as the testimony of either is testimony for the other.

ORLANDO P. SCHMIDT FOR APPELLANT EISELE.

1. As to the city of Covington, Eisele was a mere servant. The city reserved the entire control over the manner of doing and shaping every part of the work. In such cases the relation of independent

City of Covington, &c., v. Geyler, &c.

contractor does not arise. (City of Cincinnati v. Stone, &c., 5 Ohio St., 38–42.).

2. The owner of land adjacent to the lands of another has no right to remove the earth and thus withdraw the natural support of his neighbor's soil; and if he does he is liable for damages, and may be restrained by injunction. This doctrine is, however, strictly confined to those cases in which the owner of the land has not, by building or otherwise, increased the pressure upon the adjoining soil. (Oneil v. Harkins, 8 Bush, 652; 1 English Law and Eq. Reps., 241; Boone on Real Prop., sec. 144.)

In this case the direct and proximate cause of the injury was the enormous additional weight superimposed on the soil, there being no negligence on the part of the city in the manner of exercising its original rights.

3. The court erred in permitting Mrs. Geyler to testify after her husband had testified. (Civil Code, sec. 606.)

4. The court erred in permitting appellees to prove the value of their property before and since the building of the engine house in order to arrive at the amount of damage sustained by the cracked walls, etc. (Elizabethtown, &c., R. Co. v. Combs, 10 Bush, 387.)

W. A. BYRNE for city.

The wall sank by reason of the additional weight placed upon the natural soil, and appellees are without remedy. In order to recover they must show that the city has gone beyond what is necessary in order to enable it to have the natural use of its lands. (Moellering v. Evans, 6 L. R. A., 449; 2 Washburn on Real Prop., 380; Moody v. McClelland, 84 Am. Dec., 771; Beard v. Murphy, 86 Am. Dec., 693; Charless v. Rankin, 22 Mo., 566; La Sala v. Holbrooks, 5 Paige, 169.)

J. F. & C. H. FISK for appellees.

1. Mrs. Geyler was a competent witness. (Civil Code, sec. 606.)

2. The instructions asked by appellants are wholly with reference to a supposed case of lateral support. They have no application whatever to a case of trespass such as is alleged here.

3. Eisele was not an independent contractor, and both he and the city were responsible for the injury sustained by appellees. (Shearman & Redfield on Negligence, secs. 79–84, 495–504; Story on Agency, sec. 452, and notes; Robinson, &c., v. Webb, 11 Bush, 464; Philadelphia, &c., R. Co. v. Darbey, 14 How., 483; Matheny v. Wolffs, 2 Duv., 137; Kountz v. Brown, 16 B. M., 577; Railroad Co. v. Hanning, 15 Wall., 656; Water Co. v. Ware, 16 Wall., 566; Pickens & Plummer v. Diecker & Bro., 21 Ohio St., 212; 4 Wait's Actions and Defenses, p. 410; Wharton on Negligence, secs. 157, 158, 160, 161, 163, 164, 165, 170, 172, 788 and 818; Singer Mfg. Co. v. Rahn, 132 U. S., 518; Linnehan v. Rollins, 137 Mass., 123; Regina v. Turner, 11 Cox Crim. Cases, 551;

Chicago v. Robbins, 2 Black, 418; City of Cincinnati v. Stone, &c., 5 Ohio St., 38.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellees, Frederick and Elizabeth Geyler, husband and wife, being joint owners of a lot of land on Main street, Covington, erected thereon a brick dwelling house, the north wall of which was three inches from their line, and under which was a cellar seven feet in depth, though dug only five feet below surface of the ground.

Subsequently, appellant, the City of Covington, being owner of an adjacent lot, made a contract with appellant Eisele for construction of an engine house thereon, under which was to be a cellar seven feet below surface of the ground and excavated up to the north line of appellees' lot.

Appellees brought this action against them jointly for damages, it being stated substantially in their petition that Eisele, under direction and supervision of the agents, employes and officers of the City of Covington in excavating the cellar for said engine house wrongfully and with willful negligence, and without knowledge of appellees, dug below and along their wall, the entire length of the north edge of their lot, undermining the foundation of their house, and, for a long space of time, left the excavation uncompleted, whereby their north wall settled, and the whole house dropped and leaned northward, the walls being cracked, window sills broken, etc.

The first question naturally arising on this appeal is, whether the City of Covington can be made liable at all? In Robinson, &c., v. Webb, 11 Bush, 464, where the action was like this for damages on account of injury to adjacent lot against the owner and building contractor

jointly, the general rule was thus stated: "Where the relation of independent contractor exists as to the use of real property, and the party employed is skilled in performance of the duty he undertakes, and the thing directed to be done is not in itself a nuisance, or will not necessarily result in a nuisance, the injury resulting not from the fact that the work is done, but from the negligent manner of doing it by the contractor or his servants, the owner can not be made to respond in damages."

It is not stated in the petition in this case that Eisele, the contractor, was unskillful in performance of the duty he undertook, nevertheless, it seems to us his relation to the City of Covington can be hardly regarded that of an independent contractor. For it is not only alleged that he was under direction and supervision of the agents, officers, and employes of the City of Covington, but it was in terms stipulated in the contract between them, that the work was to be done by him "under direction of the committees of the fire department and public buildings representing the city council of said city, who shall have entire control over the *manner* of doing or shaping all and every part of said work."

Moreover, it was made cause of complaint, that the excavation was extended beyond division line of the two lots, and the strip of three inches between the wall and line removed without consent of appellees, which act involved a trespass that the City of Covington, as well as Eisele acting under its direction and authority, would be *prima facie* liable for to the extent of nominal damages at least.

It is well settled that the owner of land has no right to remove or disturb even his own soil so as to withdraw the

natural support of adjacent land belonging to another. But when, by erection of a building thereon, the natural condition of one person's land has been changed, and the lateral pressure upon adjacent land increased, that rule does not apply. On the contrary, as said in Oneil v. Harkins, 8 Bush, 650: "A land owner can not, by changing the natural condition of soil, take away from his neighbor the right to the use and enjoyment of his land to the full extent he might have enjoyed it had no such change been made; and if he does he can not recover damages for any injury he may sustain by reason of the exercise by his neighbor of any of his original rights, unless they be exercised in an unskillful, careless or negligent manner; or, unless being reasonably certain that injury would result from his acts, such neighbor failed to apprise him of his intention, or to afford him an opportunity to use proper preventive." Applying to this case that rule, which is obviously just, there can be no question of the right of the City of Covington to excavate the cellar under the proposed engine building to the depth of seven feet below the surface, and extend it to the division line of the two lots, although it was reasonably certain the north wall of appellant's house would be endangered thereby because resting upon a foundation only five feet below the surface. It is also clear that it was the duty of appellees, upon being notified of the purpose to excavate the cellar in the manner mentioned, to use necessary appliances to protect their own building from the threatened injury; the City of Covington being simply required, after giving due notice to appellees, to exercise the right of appropriating its property. in a reasonably careful and prudent manner.

The means used to save the north wall of appellees' building was to underpin it to the depth of the engine house cellar, the wall being braced at the same time. But before it was underpinned, and the foundation of the engine house was built high enough to support it, the wall was cracked and injured.

The person who undertook to underpin the north wall of appellees' building was not appellant Eisele but a stone mason, and it is a material question whether he was employed by them or by the City of Covington. For while, as already indicated, the latter was not bound to assume the expense or risk of underpinning or bracing the wall of appellees, still, if it undertook to do so, it was bound to use reasonable skill and care, and if, on account of negligence or want of skill on part of the person employed for the purpose, the injury to appellees' building occurred, it is liable to the extent of damage thereby done. Whether the building was injured by reason of the want of reasonable skill and care on the part of the person who undertook to underpin and brace the wall, or resulted from the character of the ground, which was somewhat sandy, is, therefore, a question of fact affecting appellants only in case the undertaking to protect the wall in the manner stated was by the City of Covington or its employe.

It appears that appellees conveyed to the City of Covington the three inches of ground; the consideration or inducement being the building of the engine house wall against and as support to the north wall of their building, which was finally done, but whether the proposition to convey was before or after the building was injured does not clearly appear. But it was alleged in the rejoinder

of the City of Covington that whether the excavation was made up to appellees' wall, including the three inches, before or after their proposition, such excavation was made with their consent, and understanding the city would be asked to accept a conveyance of the three inches for the purpose mentioned. But that allegation was, we think, erroneously stricken out, for surely there could be no pretence of right of appellees to recover even nominal damages for entering on and removing the three inches of land, if it was done with their consent.

The damages which appellees would be entitled to recover on account of removal of the three inches of land, even if done without their consent, would be manifestly inconsiderable, unless such removal or displacement was the proximate cause of the wall dropping or settling, followed by cracking and injuring the building. It is manifest that appellants could not have excavated their cellar up to the division line, which they had the right to do, without a portion of the three inches beyond becoming displaced, and it is extremely doubtful whether appellees' wall would have stood firm with only three inches clay and sand for a lateral support; and, therefore, the jury should be instructed, more definitely than was done on the trial, that they are not authorized to find damages for injury to the building on account of removal or displacement of the three inches, unless they believe such removal was both the proximate and independent cause of the wall sinking or giving away.

Another ground for reversal urged by appellant is, that both appellees were permitted to testify as witnesses on trial of this case. At the common law one, but not both of them might have testified, and, consequently, if both

husband and wife may now testify in an action brought against them jointly, or as in this case brought by them jointly, the right exists in virtue of section 605 as qualified by section 606, Civil Code. The latter section provides that "neither a husband nor his wife shall testify, even after the cessation of their marriage, concerning any communication between them during marriage. Nor shall either of them testify against the other. Nor shall either of them testify for the other, except in an action for lost baggage or its value against a common carrier, an innkeeper, or a wrong-doer, and in such action either or both of them may testify; and except in actions which might have been brought by or against the wife, if she had been unmarried, and in such actions either *but not both* of them may testify."

It seems to us very clear that to permit both husband and wife to testify in an action like this would be in direct conflict with both the language and manifest meaning of section 606. For while they have an equal and undivided interest in the lot, and the injury to the building thereon of which they complain affected them jointly and equally, still, the testimony of either in this case would be testimony for the other. In our opinion, therefore, it was error to permit both appellees to testify in this case.

Judgment reversed and cause remanded for new trial consistent with this opinion.