# H. H. Parker & Bro. *v.* Hodgson.

*Causing Building to Fall.*

(Decided June 8, 1911. 55 South. 818.)

1. *Adjoining Landowners; Lateral Support; Natural Condition.* —The right to lateral support applies to land in its natural condition.

2. *Same; Buildings.*—By erecting buildings on the margin of his own land, a landowner cannot deprive the owner of the adjoining lot of the right to excavate his own lot up to the line of his neighbor's property, though such buildings may fall by reason of the

[H. H. Parker & Bro. v. Hodgson.]

withdrawal of lateral support, on account of the additional burden placed upon the land by the building.

3. *Same; Degree of Care; Acts Constituting Negligence.*—An excavator is under no duty to brace or otherwise protect the wall of buildings on adjoining lands to keep them from settling or from falling on account of such excavation; but if he undertakes to do this, he is liable for failure to use reasonable care and skill in the performance of his undertaking.

4. *Negligence; Duty to Use Care.*—Where one undertakes an employment which requires care and skill, whether for reward or not, and fails to exert a measure of care and skill appropriate to such employment, or voluntarily brings about a condition of things which results in injury that would not have occurred, but for his undertaking, he is liable.

5. *Pleading; Declaration; Separate Counts in the Same Cause; "Underpinning.*—Where a count charged that defendant undertook, while excavating, to support by underpinning a wall on the margin of plaintiff's land, and that such underpinning was done so negligently that as a proximate cause thereof a part of plaintiff's wall fell, the count is rested upon the fact that the defendant undertook to place underpinning under the wall, and in so doing negligently caused it to fall, while another count was rested upon defendant's failure to place props, etc., its allegations were distinguishable from and were not covered by the other count, and hence was a separate count on the same cause of action.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by H. H. Parker & Bro., against James Hodgson for damages for causing a wall to fall. Judgment for defendant and plaintiff appeals. Reversed and remanded.

GOODWYN & MCINTYRE, and MARK D. BRAINARD, for appellant. The court erred in sustaining demurrers to the fourth count of the complaint.—29 Clc. 424, 425, and note; Wharton on Neg. Sec. 437; Pollock on Tort, 352; 10 Mo. App. 197; 16 Am. & E. Encyc. of Law, 387 and 419; *Chewing's Case*, 93 Ala. 26; *Armstrong v. Montgomery St. Ry.*, 123 Ala. 233.

RAY RUSHTON and W. M. WILLIAMS, for appellee. The court was not in error in sustaining the demurrer to count 4 of the complaint.—*Moody v. McClellan*, 39

Ala. 45; *Meyer v. Hobbs,* 57 Ala. 175; *Obert v. Dunn,* 140 Ala. 476. Count 4 does not allege a duty to underpin the wall.—10 Mo. App. 197; 1 Cyc. 645. Count 4 was covered by the allegations of count 3, and if it was error to sustain demurrer to said count, it was without injury.—*Abraham Bros. v. So. Ry.,* 149 Ala. 545; *Milligan v. Pollard,* 112 Ala. 465; *Pelican Ins. Co. v. Smith,* 92 Ala. 428, 431; *Owen v. Binford,* 80 Ala. 421; *Goggin v. Smith,* 35 Ala. 683; *Rake v. Pope,* 7 Ala. 161.

SIMPSON, J.—This action is by the appellants against the appellee for damages resulting from the falling of a wall on plaintiffs' property, which, it is claimed, was caused by the negligent manner in which the defendant, an adjoining proprietor, made an excavation of his own premises.

The only insistence of the appellants is that the court erred in sustaining a demurrer to the fourth count in the complaint which was added by amendment. The gravamen of that count is that the defendant "undertook, while so excavating, and so removing said dirt, to support by underpinning the wall on the north side of plaintiffs' store, and immediately next to the hole made by defendant through his agents or servants; that defendant, through his agents or servants, did said underpinning in so negligent and careless a manner that as a proximate result thereof a part of the north wall of the store which plaintiff occupied fell," etc.

It is a settled principle of law that the right to lateral support applies to the land in its natural condition, and an adjoining landowner cannot by erecting buildings on the margin of his own land deprive the owner of the attingent lot of the right to excavate his own lot up to the line of his neighbor's property, though on account of the additional burden placed upon the land, by

the erection of the house thereon, said house may fall, by reason of the withdrawal of the lateral support.—1 Cyc. 776, 778; *Moody v. McClelland,* 39 Ala. 45, 84 Am. Dec. 770; *Myer v. Hobbs,* 57 Ala. 175, 29 Am. Rep. 719.

It is also a principle, however, that "When a person undertakes an employment, which requires care and skill, whether for reward or not, a failure to exert the measure of care and skill appropriate to the measure of such employment is negligence for which an action will lie."—29 Cyc. 425, note 58; *Siegrist v. Arnold,* 10 Mo. App. 197, 200. It is true that in the case just cited there is the differentiating principle that the traveler committed himself to the care of the owner of the carriage, which raised an obligation to use ordinary care, and, in the cases of persons traveling on free passes by common carrier, the occupation itself raises a duty; but, in cases where no duty to do the act is raised, we understand that, while a volunteer is not responsible for the failure or success of the act done by him, yet if by undertaking to do it, though it be voluntary, he brings about a state of affairs which results in injury that would not have occurred if he had not made the effort at all, he is liable. Accordingly, it is stated that, while an excavator on an adjoining lot is not under any obligation "to brace, underpin, or otherwise protect the walls of buildings on adjoining lands, to keep them from settling or falling on account of such excavation," yet, if he "undertakes to do this, he is liable for failure to use reasonable skill and care in the performance of the work."—18 Cyc. 550; *City of Covington, etc. v. Geyler, etc.,* 93 Ky. 275, 281, 19 S. W. 741.

The pleading does not explain what is meant by "underpinning," but Webster's New International Dictionary gives the definition of the verb "to underpin" as (1) to lay stones, masonry, etc., under, as the sills of a

building, on which it is to rest; (2) to support by a foundation; to place struts, props, or the like, underneath for support, as when foundations are temporarily removed." From this definition it is evident that underpinning is placing something under the wall—which, in this case, would involve an invasion of the property of the plaintiff, and a taking away of the natural support under the wall, and replacing it with something else, in which case a duty necessarily was assumed to do the work in such a way as not to increase the probability of the wall's falling. Of course, if a person merely voluntarily place a prop against a neighbor's wall, he is not responsible for the failure of that prop to prevent the wall from falling, but if he undertakes, even voluntarily, to dig under his neighbor's wall and to substitute a foundation which he considers better than that which nature has provided, he is necessarily held to ordinary care, in order that the work done by him may not result in injury to his neighbor. This is the distinction between count 3, which rests upon the failure of the defendant to place props, etc., which he was under no duty to do, and count 4, which rests upon the fact that the defendant did undertake to place underpinning under the wall, and in doing the same negligently caused the wall to fall. Hence, count 4 was not covered by the allegations of count 3, and the court erred in sustaining the demurrer to count 4.

The judgment of the court is reversed and the cause remanded.

Reversed and remanded.

McClellan, Mayfield, and Sayre, JJ., concur.