JENNIE CADY, APPELLANT, v. TRENTON AND MERCER COUNTY TRACTION CORPORATION, RESPONDENT.

Argued February 20, 1928—Decided May 14, 1928.

For the appellant, *Martin P. Devlin.*

For the respondent, *Edward L. Katzenbach.*

The opinion of the court was delivered by

KALISCH, J. This is an appeal from a judgment of non-suit awarded in the Mercer Circuit.

The plaintiff-appellant was crossing from the south to the north side of State street, in the city of Trenton, on the morning of December 3d, 1925, at or near the point where the street is intersected by Chancery lane. There are two railway street tracks on State street.

On the day the accident happened it was raining, and the plaintiff, carrying an umbrella, was walking across the east-bound track, and as she stepped upon the westbound track she was struck and injured by a trolley car which was going in a westerly direction. She brought her action against the company to recover compensation for the injuries which she sustained.

She testified, on direct examination, that when she reached the corner of Chancery lane that the rain "came down in an awful downpour;" that she held an umbrella directly over her head; that when the "awful downpour came" she looked around for shelter, and seeing none, deemed it best to cross the street and go into the bank building for shelter, and holding the umbrella firmly over her head, she looked to see whether any trolley or automobile was coming, and seeing none, proceeded to cross the street on the crosswalk; that she crossed the first track and had crossed the rail of the second track, when she was struck, and that is all she knew. She further testified, on cross-examination, that she looked to the east and to the west and saw no car or machine on the street, and after she started to cross never looked again for vehicles in the street.

It was stipulated in the case that State street at the point where the appellant was struck by the car is thirty-six feet from curb to curb.

Three other witnesses were produced by the plaintiff, the substance of whose testimony was that the plaintiff was seen

crossing the street, that she had her umbrella down in such a position that it obscured her vision in the direction from which the car came that struck her. One of the three witnesses, all of whom were standing in the vestibule of the Trenton Trust Company, testified that as the appellant started to cross the street he observed the car coming, and called to warn her, but she proceeded on, and was struck; that the car was going at a slow rate of speed, and before the accident happened he saw a motor car standing in front of the Trenton Trust Company's building, where he had taken shelter from the rain.

Upon this state of facts a motion for a nonsuit was made, alleging the following grounds: (1) There was no proof of negligence on part of the defendant company; (2) the plaintiff was guilty of negligence contributing to her injury. The trial judge granted the nonsuit on the ground that the appellant, under the evidence adduced by her, was guilty of negligence contributing to her injury, and, therefore, was barred of any recovery against the respondent company.

For the appellant it is argued that this judicial action of the trial judge was erroneous, because the question, whether or not the appellant was guilty of negligence contributing to her injury under the evidence in the cause, was a factual question for a jury to determine. In support of this contention counsel cites numerous cases of negligence decided by this court, as holding, under such circumstances as were developed by the testimony in the instant case, that the question of the negligence of the plaintiff was for the decision of a jury. The facts of the cases cited and relied on by counsel of appellant are not parallel to the facts of the present case, and are readily distinguishable therefrom.

The legal rule which must control is, that where the facts and circumstances are of such a character that reasonable minds may reasonably differ as to the fair inferences or conclusions to be drawn from such set of proven facts or circumstances, as to whether or not plaintiff exercised reasonable care for his or her own safety, a question is invariably presented for decision by a jury. *Mumma* v. *The Easton and Amboy Railroad Co.*, 73 *N. J. L.* 653. This was not the situation of the present case on review.

The sixth headnote of the case of *James* v. *Delaware, Lackawanna and Western Railroad Co.*, 92 *N. J. L.* 150, a case decided by this court, reads: "Contributory negligence is present in a given case when the injured person by his own negligence has contributed to the injury in such a way that, but for his negligence, he would have received no injury from the negligence of the other party."

So, in the instant case, it is quite clear that if the appellant had paid due regard to her own safety and had not walked blindly across the street, she would have observed the oncoming car, before she reached and crossed the first track, and thus have avoided being injured through the negligence of the respondent's servant. See *Hubbard* v. *Atlantic Coast Electric Railway Co.*, 91 *N. J. L.* 299.

The judgment of nonsuit is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.