J. FREDERICK MILLER, PLAINTIFF-RESPONDENT, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, DEFENDANT-APPELLANT.

Submitted May 26, 1933—Decided September 27, 1933.

For the appellant, *Henry H. Fryling* (*Elmer W. Romine* and *William H. Speer,* of counsel).

For the respondent, *Gebhardt & Gebhardt* (*W. Reading Gebhardt,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J.   This action was brought to recover damages sustained by the plaintiff in a collision between the defendant's trolley car and the plaintiff's automobile truck. The trial resulted in a verdict and judgment for the plaintiff and the defendant appeals.

The defendant says that the trial judge erred in refusing to nonsuit and to direct a verdict for the defendant upon the ground of contributory negligence of the plaintiff.

These contentions may well be considered together since they stand upon the same footing.

We think both motions were properly denied.

Of course, in passing upon motions to nonsuit and to direct a verdict upon the ground of plaintiff's contributory negligence, the court is not concerned with the credibility of witnesses nor with the weight of the evidence, but must take as true all evidence which supports the plaintiff's view and must give him the benefit of all legitimate inferences which may be drawn therefrom in his favor; and where the proven facts and circumstances are such that reasonable minds may reasonably differ as to the fair inference or conclusion to be drawn therefrom as to whether or not the plaintiff exercised reasonable care for his own safety, a jury question is presented and such motions must be denied. *Andre* v. *Mertens,* 88 *N. J. L.* 626; 96 *Atl. Rep.* 893; *Cady* v. *Trenton and Mercer, &c., Corp.,* 104 *N. J. L.* 572; 141 *Atl. Rep.* 806.

Here, regard being had to such rules, the question of contributory negligence was for the jury (as the trial judge considered) for, under the evidence, it was open to the jury to find, if they saw fit, the following matters of fact:

The accident occurred at nine forty-five A. M. on September 24th, 1929, on East Main street, in Bound Brook. That street was thirty-five feet wide, twenty-two feet of which was paved with concrete and the remaining thirteen feet with macadam, in which macadam was laid the defendant's trolley track. The plaintiff was driving his truck easterly on the concrete pavement parallel to, and about six feet away from the track. He desired to enter the yard of a large public garage maintained on the south side of the street, and in order to do so it was necessary for him to make a right-hand turn across the macadam and the defendant's track. As the plaintiff reached a point eighty-five feet from the point of the subsequent collision, he signalled to the cars in

the rear that he was going to turn to his right. He also looked to the rear for trolley cars going in the same direction as he was and saw an eastbound trolley standing on a side track. He then proceeded until about fifty feet from the point of collision when he looked ahead up the track for westbound cars. He looked a distance of two hundred and twenty-five feet and saw no trolley car coming. He then proceeded at a speed of about ten miles an hour, and began turning diagonally across the track, giving his attention to the matter of entering the garage yard and the traffic immediately around him. When his right-hand wheel crossed the first rail he for the first time saw, about forty-five feet away, the westbound trolley coming at high speed (estimated by witnesses to be forty-five miles an hour). He "stepped on the gas" in an effort to get across in safety, but was struck, the left front of the trolley car striking his truck at about the left-hand door as his front wheels had cleared the far rail of the track. When he saw the trolley car the motorman was not looking ahead but to his right. No gong or other signal was given by the trolley car motorman before the accident, nor did the car slow up before the crash. Plaintiff's automobile was thrown a distance of twelve or fifteen feet into a parked car, and the trolley car proceeded for a distance of from eighty to eighty-five feet before it stopped.

It was and is contended that the plaintiff did not look as he should have done before crossing. But that question was for the jury. He says that he looked and saw no car within two hundred and twenty-five feet. He was not required to extend his observation to an approaching car, however distant, but only to a distance within which a trolley car proceeding at a lawful and reasonable speed would threaten his safety. He had a right to assume that any trolley car approaching would be operated by a reasonably attentive motorman and at a lawful and reasonable speed. *Consolidated Traction Co.* v. *Lambertson*, 59 *N. J. L.* 297; *affirmed*, 60 *Id.* 452; *Woodland* v. *North Jersey Street Railway Co.*, 66 *Id.* 455; *Newark Passenger Railway Co.* v. *Block*, 55 *Id.* 605;

*Vrooman* v. *North Jersey Street Railway Co.,* 70 *Id.* 818; *See* v. *Public Service Railway Co.,* 82 *Id.* 144.

The defendant next says that there was prejudicial error in the charge in the respect now to be stated.

After first instructing the jury as to the motorman's duty to exercise due care, the trial judge then charged with respect to his duty to have his car under such control as to avoid a collision with another vehicle, the driver of which *without negligence on his part* attempts to cross in front of the trolley car.

Of that instruction no complaint is made. In fact the defendant concedes that it was correct. The complaint is of the following additional instruction: "Where it is apparent that the driver of the other vehicle, *in disregard of the rights of the motorman* is going to attempt to cross in front of the trolley car, the motorman must use every reasonable effort to stop his car for the purpose of avoiding a collision." We think that such instruction was not prejudicial error. It merely imposed the duty on the motorman of making reasonable effort to avoid collision after it was apparent to him that the plaintiff had exhibited lack of due care. To have required less than that would have sanctioned willful injury.

Again it is contended that the judge erred in refusing certain requests relating to contributory negligence. We think not.

The trial judge said that they had been embodied in the charge. We think that was so.

The defendant says in its brief that the judge failed to refer to the duty of the plaintiff as to observation or the care which he should have exercised in attempting to cross the track, and did not point out the legal consequences of failure to perform such duty and care, as requested. But as we read the charge these matters were embodied in it. We believe that it made plain to the jury the duty of the plaintiff to make reasonable and seasonable observation before attempting to cross. He further charged that even if it appeared that the defendant was negligent "and you find at the same time

that the plaintiff was guilty of contributory negligence, then there can be no recovery;" that negligence was a failure to exercise "due care;" that "contributory negligence is present in a given case when the injured person, by his own negligence, has contributed to the injury in such a way that, but for his negligence, he would have received no injury from the negligence of the other party."

Now the office and purpose of an instruction is to enlighten the jury and to aid them in arriving at a correct verdict. The trial judge was not required to adopt the precise words of the requests, and it was not error for him to refuse requests which he had already substantially covered by the instruction given, consisting of plain propositions of law applicable to the tendency or varying tendencies of the evidence. *Geyer* v. *Public Service Railway Co.*, 98 *N. J. L.* 470. So considered we believe there was no prejudicial error in the refusal of the requests respecting contributory negligence.

Lastly it is said that there was error in the refusal to charge as follows: "It is not negligence to run a trolley car on tracks at a high rate of speed."

But that request was too broad considering the circumstances of the present case. It is negligence to run a trolley car upon a public street at a rate of speed which is incompatible with the lawful and customary use of the highway by others with reasonable safety. *Smith* v. *Public Service Corp.*, 78 *N. J. L.* 478.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.