Memorandum: Defendants had undertaken to care for the four-year-old plaintiff during periods in which her mother worked. Although when the arrangement for the daily care of the child began defendants were compensated by the mother, no payments were being made at the time of infant plaintiff’s injury because of a prior reduction in the mother’s earnings. Even without compensation, when defendants undertook to control a young child and provide care for her, they became responsible for her injury through their negligence (Miller v. International Harvester Co., 193 App. Div. 258; Wallace v. Casey Co., 132 App. Div. 35; Wittenberg v. Seitz, 8 App. Div. 439; Gregaydis v. Watervliet Civic Chest, 14 A D 2d 623; Glanzer v. Shepard, 233 N. Y. 236). Thus defendants’ duty to use reasonable care to protect the infant was not measured by what their duty would have been to a social guest or a mere licensee. They were required to use reasonable care to protect the infant plaintiff from injury. The decision of the trial court on the question of their negligence is supported by the weight of evidence.
Chief Judge Desmond and Judges Dye, Fuld, Burke and Bergan concur in Memorandum; Judges Van Voorhis and Scileppi dissent and vote to affirm.
Order reversed and judgment of the Supreme Court reinstated, with costs to plaintiff in this court and in the Appellate Division in a memorandum.