282 So.2d 261

Frank Jason STANDIFER, a minor who sues
by his father and next friend,
James B. Standifer

v.

Dorotha PATE.

James B. STANDIFER

v.

Dorotha PATE.

SC 183, 184.

Supreme Court of Alabama.

Aug. 30, 1973.

Charles Cleveland, Birmingham, Hucl
Love and Betty Love, Talladega, for appel-
lants.

Gaines & Herefore, Talladega, J. Carter McFerrin, Birmingham, for appellee.

BLOODWORTH, Justice.

James B. Standifer, father of Frank Jason Standifer, a minor, filed a pro ami suit on behalf of the minor and a separate suit for himself in the Circuit Court of Talladega County, alleging in substance that the defendant permitted the minor plaintiff, then one and one-half years old, to injure himself while in the care and control of the defendant. (Since the complaints are substantially the same, we shall hereafter refer to the complaints in the singular only.)

The original complaint was in two counts. Defendant filed a demurrer thereto which was sustained. Plaintiff amended by adding three additional counts—Counts Three, Four, and Five. Defendant filed additional grounds of demurrer, and this demurrer was also sustained. Plaintiff then took a voluntary nonsuit and gave notice of appeal, assigning as error the

trial court's ruling in sustaining defendant's demurrer to the complaint and to each count thereof.

■ It is defendant's initial contention that this court cannot consider the ruling sustaining demurrers to the original counts of the complaint, citing as authority the cases of Kent v. The Coleman Co., et al., 285 Ala. 288, 231 So.2d 321 (1970) and Whatley v. Alabama Drydock and Ship Building Co., 279 Ala. 403, 186 So.2d 117 (1966). With this contention, we agree and thus limit our review to the questions as to whether Counts Three, Four and Five are subject to the demurrers interposed. After a consideration of these counts, we must conclude that the trial court erred, as will hereinafter appear, and reverse and remand this cause.

## COUNT THREE

Count Three raises the question as to whether a volunteer babysitter on her own premises owes a duty of due care in supervising a child under her care and control. Count Three alleges in relevant part that "defendant undertook to supervise, watch, and care for the plaintiff" at the defendant's residence, that "defendant negligently failed to use due care in supervising, watching, and caring for the plaintiff, and negligently permitted the plaintiff to pull a skillet of hot grease off a counter onto himself."

The allegations contained in Count Three are virtually identical with those at issue in Nelson v. Gatlin, 288 Ala. 151, 258 So.2d 730 (1972). In that case, a nine year old cub scout was injured while at the home of the cub scout leader. The child stepped on a tire in the yard at play and sustained a broken ankle. The plaintiff's complaint therein alleged that defendant had undertaken to supervise the activities of the plaintiff, that defendant negligently failed to supervise the activities of the plaintiff, and that plaintiff was injured as a result of the rowdy, boisterous and unsupervised play negligently permitted by de-

fendant. This court, in a per curiam five-to-three decision, held that the boy was a mere licensee and therefore the duty owed him was not to wilfully or wantonly injure him or not to negligently injure him after discovering his peril. The counts were held to fail to state causes of action.

While the allegations in the instant case are almost the same as those found in our recent case of Nelson v. Gatlin, we think that case must be overruled insofar as it may be inconsistent with the holding in the case at bar.

As noted in the dissent of Mr. Justice Harwood in the *Nelson* case, the gravamen of the count is negligent supervision. The place at which such supervision occurred should not affect the duty owed the plaintiff. The location of the alleged breach of duty is unimportant, whether it occurred on the plaintiff's premises or elsewhere.

We find such reasoning to be persuasive. As stated in Nelson v. Gatlin, the recognized duty owed by an occupier of land in Alabama to a licensee is not to wilfully or wantonly injure him, or not to negligently injure him after discovering him in peril. Autry v. Roebuck Park Baptist Church, 285 Ala. 76, 229 So.2d 469 (1969) and cases cited therein.

While this is a correct statement of the rule, it must be noted that this states only the duty *arising out of* and *created by* the land occupier-licensee relationship. It in no way abrogates or insulates a land occupier from duties which arise from other relationships between himself and another on his premises. The occurrence of the breach of duty on one's own premises is a mere fortuity.

Count Three in the instant case alleges a breach of duty arising out of a relationship of volunteer babysitter and child. In the recent case of Beasley v. MacDonald Engineering Co., 287 Ala. 189, 249 So.2d 844 (1971), involving gratuitous safety inspection of business premises, this court held

that a volunteer is under a duty, once he has acted or assumed the duty, to execute the tasks undertaken with reasonable care.

The defendant argues that *Beasley* must be read in the context of the business relationship there involved. But, this court has previously held that, where one undertakes a duty requiring skill and care, reasonable care must be exercised in the performance thereof even though there may be no consideration given therefor. H. H. Parker & Brother v. Hodgson, 172 Ala. 632, 55 So. 818 (1911).

In *Parker*, supra, the action was for damages resulting from the falling of a wall on plaintiff's property claimed to have been caused by the negligent manner in which the defendant, an adjoining proprietor, made an excavation of his own premises. This court held the trial court erred in sustaining a demurrer to the fourth count of the complaint.

In the opinion, this court, speaking through the elder Mr. Justice Simpson, held:

"It is also a principle, however, that 'When a person undertakes an employment, which requires care and skill, whether for reward or not, a failure to exert the measure of care and skill appropriate to the measure of such employment is negligence for which an action will lie.' 29 Cyc. 425, note 58; Siegrist v. Arnot, 10 Mo.App. 197, 200. It is true that in the case just cited there is the differentiating principle that the traveler committed himself to the care of the owner of the carriage, which raised an obligation to use ordinary care, and, in the cases of persons traveling on free passes by common carrier, the occupation itself raises a duty; but, in cases where no duty to do the act is raised, we understand that, *while a volunteer is not responsible for the failure or success of the act done by him, yet if by undertaking to do it, though it be voluntary, he brings about a state of affairs which results in injury that would not have oc-curred if he had not made the effort at all, he is liable.* Accordingly, it is stated that, while an excavator on an adjoining lot is not under any obligation 'to brace, underpin, or otherwise protect the walls of buildings on adjoining lands, to keep them from settling or falling on account of such excavation,' yet, if he 'undertakes to do this, he is liable for failure to use reasonable skill and care in the performance of the work.' 18 Cyc. 550; City of Covington, etc. v. Geyler, etc., 93 Ky. 275, 281, 19 S.W. 741." (Emphasis added)

The Restatement of Torts 2d, § 324(a) is in accord with this position:

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

"(a) his failure to exercise reasonable care increases the risk of such harm, or

"(b) he has undertaken to perform a duty owed by the other to the third person, or

"(c) the harm is suffered because of reliance of the other or the third person upon the undertaking."

Furthermore, other courts which have considered the question have found a duty of due care on the part of a "volunteer" babysitter.

In Zalak v. Carroll, 15 N.Y.2d 753, 257 N.Y.S.2d 177, 205 N.E.2d 313 (1965), the New York Court of Appeals, in upholding a judgment against a volunteer babysitter for injuries suffered by an infant in her care, stated:

" * * * Even without compensation, when defendants undertook to control a young child and provide care for her, they became responsible for her injury

through their negligence [citations omitted]. Thus defendants' duty to use reasonable care to protect the infant was not measured by what their duty would have been to a social guest or a mere licensee. They were required to use reasonable care to protect the infant plaintiff from injury. * * *" (Emphasis added)

In Whitney v. Southern Farm Bureau Casualty Insurance Co., 225 So.2d 30 (La. App., 1969), a case involving care of a child by a volunteer babysitter, a Louisiana Court of Appeal states the law as follows:

"The primary issue is whether [defendant] was negligent. As a general rule, a person who undertakes the control and supervision of a child, even without compensation, has the duty to use reasonable care to protect the child from injury. * * *"

Likewise, in Barbarisi v. Caruso, 47 N. J.Super. 125, 135 A.2d 539 (1957), a New Jersey court reversed a trial court judgment of involuntary dismissal in a suit somewhat similar to the one at bar. *Barbarisi* involved an action by an infant who was left with his grandmother under an arrangement with his mother by which the grandmother would babysit the child without pay while the mother was shopping. The child was permitted to recover for injuries he sustained when he thrust his arm into an unattended washing machine in operation. The court stated:

" * * * The trial court determined that defendant owed the infant no affirmative duty, and he took the premises as he found them. In our view, the infant plaintiff was not in the ordinary sense a social visitor of the defendant. The pretrial order and the testimony clearly show that the defendant voluntarily assumed a duty which she was under no legal obligation to assume. It is well settled principle of law that '*a volunteer must act with due care.*' [citations omitted] Where one undertakes to do an act for another without compensation, the other relying thereon, he is responsible for the exercise of reasonable care in so doing when he assumes and attempts to perform a duty in which he fails. [citations omitted]." (Emphasis added)

■ The same principles govern here. Count Three alleges that defendant undertook to supervise, watch and care for plaintiff. By undertaking to perform these services, defendant binds himself to the exercise of due care in their execution, irrespective of compensation. Plaintiff's Count Three, therefore, alleges facts which give rise to a duty, breach of that duty, and injuries as a proximate consequence. The fact that the breach occurred on defendant's premises is of no moment because the duty arises independent of the landowner-licensee relationship. The demurrer to Count Three should have been overruled.

## COUNT FOUR

Count Four of the plaintiff's complaint alleges that "the defendant entered into an oral agreement with plaintiff's mother whereby in consideration for plaintiff's mother performing certain hairdressing services for defendant's mother, the defendant agreed that while plaintiff's mother was performing said services the defendant would supervise, watch, and care for the plaintiff" and that "while the plaintiff was under the supervision, care, and control of the defendant pursuant to said agreement, the defendant negligently permitted the plaintiff to come in contact with a skillet of hot grease which was spilled onto and over the plaintiff."

■ Count Four, in substance, simply restates the allegations of Count Three with the additional allegation of consideration paid by plaintiff for defendant's services. Presumably, the purpose of such allegation is to raise plaintiff's status from that of a mere licensee to that of an invitee. As noted above, defendant's duty to

exercise due care arises, not out of the parties' relationship of land occupier and licensee or invitee, but rather, out of the duty to exercise due care assumed by a babysitter toward his infant charge. According to the allegations in Count Four, defendant undertook to supervise plaintiff, and, as in Count Three, defendant thereby incurred a duty of due care toward plaintiff. Count Four, therefore, properly alleges facts which give rise to a duty, its breach and proximately caused injuries. A cause of action is stated.

Since Count Four sets forth a cause of action irrespective of the allegation of consideration, we need not decide the sufficiency of the consideration alleged. The demurrer to Count Four should have been overruled.

### COUNT FIVE

Count Five alleges in relevant part that while plaintiff "was an invited guest of the defendant at defendant's home, * * * defendant negligently placed a skillet of hot grease in a position where it may reasonably have been anticipated that plaintiff's said minor child may come in contact with it and the plaintiff's said minor child did come in contact with said skillet of hot grease causing it to be spilled over and upon himself, and as a direct and proximate consequence of the defendant's said negligence, the plaintiff's said minor child was injured * * *."

This count fails to allege sufficient facts to give rise to a duty on defendant's part. An invited social guest is a mere licensee. The defendant owes a duty merely to refrain from wilfully or wantonly injuring a licensee or from negligently injuring him once he is discovered in peril. Autry v. Roebuck Park Baptist Church, supra. There is no allegation of wilful or wanton acts or that plaintiff was in peril. Therefore, Count Five does not allege a valid cause of action based on breach of

any duty arising out of defendant's status as owner of the premises.

Furthermore, Count Five fails to allege that defendant undertook or assumed the obligation to watch, care for and supervise plaintiff. Therefore, unlike Count Three, there is no duty arising from the parties' relationship of babysitter and infant charge. The demurrer to Count Five was properly sustained.

There remains the further contention by defendant that, even assuming a duty of due care, the facts as alleged do not constitute negligence as a matter of law. With this we disagree. Negligence is the want of such care as an ordinarily or reasonably prudent and careful man would exercise under similar circumstances. Alabama City, G. & A. Ry. Co. v. Bullard, 157 Ala. 618, 47 So. 578 (1908); Sheffield Co. v. Morton, 161 Ala. 153, 49 So. 772 (1909). Whether or not the defendant's conduct was negligent under the particular circumstances and conditions here involved is best decided by a jury after a full trial.

The judgment of the trial court sustaining the demurrers to Counts Three and Four is accordingly reversed and remanded.

Reversed and remanded.

HEFLIN, C. J., and HARWOOD, MADDOX, FAULKNER and JONES, JJ., concur.

MERRILL, COLEMAN and McCALL, JJ., dissent.

MERRILL, Justice (dissenting):

I respectfully dissent because I would not overrule Nelson v. Gatlin, 288 Ala. 151, 258 So.2d 730.

COLEMAN and McCALL, JJ., concur.