Plaintiff Clifton Bryant, Jr., on behalf of himself and his fourteen-year-old son, Joseph Allen Bryant (Joey), appeals from the grant of summary judgment in favor of defendant, Jo Ann Morley. Bryant's action consists of two counts based on negligence. We affirm
On July 10, 1980 Joey sustained serious injuries when he dived into the shallow end of defendant's swimming pool. The complaint alleges that defendant "negligently supervised or negligently failed to supervise the conduct of "Joseph" while he was upon the defendant's premises by negligently failing to instruct or warn him not to dive into the swimming pool at points where the water was shallow. The trial court granted defendant's motion for summary judgment based upon the pleadings, the depositions of Joey, his mother Martha Bryant, and defendant Jo Ann Morley, in addition to the affidavits of Joey and Clifton Bryant, Jr
Under Rule 56, ARCP, summary judgment is appropriate only when the moving party has demonstrated that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Whatley v. Cardinal Pest Control, Ala., 388 So.2d 529 (1980). All reasonable inferences from the facts are viewed most favorably to the non-moving party and the moving party is required to establish that the other party could not recover under "any discernible circumstances."Tolbert v. Gulsby, Ala., 333 So.2d 129 (1976)
The question on this appeal is whether the evidence, when considered in a light most favorable to plaintiffs, would support their contention that defendant had a duty to supervise Joey, and thus defeat summary judgment. Plaintiffs concede that Joey was a social guest at the time of his injury. In Alabama an invited social guest is a licensee of the landowner. Morganv. Kirkpatrick, 276 Ala. 7, 158 So.2d 650 (1963). The duty owed a licensee is not to willfully or wantonly injure him, or not to negligently injure the licensee after discovering his perilAutrey v. Roebuck Park Baptist Church, 285 Ala. 76,229 So.2d 469 (1969)
The facts in the present case are similar to those inMcMullan v. Butler, Ala., 346 So.2d 950 (1977). In McMullan, a fourteen-year-old minor was injured while driving into the backyard pool of another landowner. The minor was on the premises through the invitation of the landowner's two sons. We affirmed the grant of summary judgment by the trial court and stated that "a homeowner should not be obliged to hover over his guests with warnings of possible danger." Id. at 952 *Page 396 
The record discloses that Joey was on defendant's premises at the invitation of her son. Defendant herself possessed no actual knowledge that Joey was shallow diving in her pool on the date of his injury or actual knowledge that Joey had ever on any previous occasion engaged in shallow diving while swimming in her pool. There is no evidence of intentional injury, nor of knowledge on the part of defendant of Joey's peril. Based upon these facts alone, summary judgment was proper
However, plaintiffs claim that this case falls under an exception to the standard of care for licensees approved inAutrey v. Roebuck Park Baptist Church, supra. The exception is found in Standifer v. Pate, 291 Ala. 434, 282 So.2d 261 (1973), wherein a babysitter, without monetary compensation, undertook the supervision of a minor child who injured himself when he pulled a skillet of hot grease off a counter. In Standifer we held that a person who undertakes the control and supervision of a child, even without compensation, has the duty to usereasonable care to protect the child. 291 Ala. at 438,282 So.2d at 264. That general rule is inapplicable to the case at bar, however, because there is no evidence that defendant voluntarily undertook the responsibility of supervising the swimming activities of Joey on the occasion in question. The duty of defendant to Joey, then, was that owed to any licensee upon her land, i.e., a duty not to willfully or wantonly injure
Plaintiffs contend that, even if defendant did not undertake the supervision of Joey on the date of his injury, she at leastreserved the right to supervise him and, therefore, had a duty to take reasonable precautions to prevent Joey and other minors from injuring themselves. That argument is based upon the premise that because of defendant's previous supervision of children she retained the right to supervise them in the future and failure to exercise that right could lead to liability for resulting injuries
Regardless of whether defendant had a "reserved right to supervise" Joey based upon his licensee status, we are not impressed with plaintiffs' argument that defendant had a duty to attempt to prevent Joey from injuring himself. In LanganConstruction Co., Inc. v. Dauphin Island Marina, Inc., 294 Ala. 325, 316 So.2d 681 (1975), a similar theory was advanced by a boatowner alleging that defendants were negligent in failing to protect its vessel which was docked through a rental arrangement at defendants' marina. Plaintiff contended that defendants knew the vessel was taking on water and that on a previous occasion they voluntarily saved another of plaintiff's vessels from sinking. Because of the previous undertaking, plaintiff claimed that defendants owed it a continuing duty to take affirmative action to protect and safeguard its vessels In refusing to extend the rule in Standifer v. Pate, supra, we recognized
 "that a volunteer is under a duty, once he has acted or assumed the duty, to execute the tasks undertaken with reasonable care," Standifer, supra; but this rule falls short of holding that, because one has voluntarily undertaken a task in the past, he is therefore under a duty to repeat such tasks in similar situations in the future. . . . [Emphasis added.] [Id. at 328; 316 So.2d at 684.]
In the case at bar, the duty owed by defendant to Joey was not dependent upon her previous supervision of him or other children, but upon the landowner-licensee relationship which existed between them at the time of the accident
Because of the nature of negligence actions, with their questions of reasonableness and proximate causation, summary judgment will not ordinarily be granted in such cases. Tolbertv. Gulsby, Ala., 333 So.2d 129 (1976). There can be no actionable negligence, however, without breach of a legal dutyCalvert Fire Ins. Co. v. Green, 278 Ala. 673, 180 So.2d 269
(1965). In the instant case, the trial judge found that defendant owed no duty to Joey other than that owed to a licensee. The pleadings, depositions and affidavits fail to establish evidence of a breach of that duty. As a *Page 397 
matter of law, defendant was entitled to the requested relief; thus, the trial court did not err in granting summary judgment
AFFIRMED
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur