Today the majority holds that Chilton-Shelby Mental Health Center ("the Center") was covered under the terms of a professional liability portion of the policy issued by St. Paul Mercury Insurance Company ("St. Paul") for the alleged negligence of the Center and its agent, Fred King, arising out of the death of a young child named Randy Carter, but that the general liability portion of the policy does not cover the same alleged negligence. I fully agree with that portion of the majority opinion holding that the professional liability portion of the policy is applicable. However, I must respectfully disagree with that portion of the opinion holding that there is no coverage under the general liability portion of the policy due to the so-called "auto exclusion."
The "auto exclusion" states "We won't cover injury . . . dueto the ownership [or] use of . . . any auto owned [or] operated . . . by any protected person." The majority finds that the exclusion is unambiguous. Inherently, the majority defines the phrase "due to" as meaning "relating to or associated with." Another equally plausible meaning, however, is "caused by." Because there is another equally plausible meaning for "due to," the exclusion as a whole is ambiguous. I would, therefore, construe the exclusion against the drafter, St. Paul, and limit the exclusion's application to its narrowest reasonable reading. See, Guaranty National Ins. Co. v. Marshall CountyBoard of Educ., 540 So.2d 745 (Ala. 1989).
In this case, the alleged negligence of the Center and its agent arose out of what the plaintiffs claim was the failure of the Center and its agent to supervise and properly care for the young child entrusted to them. It seems to me that the gravamen of the complaint is an allegation of negligent supervision and care for young Carter, not of the ownership of the automobile that is alleged to have proximately caused the child's death. Negligent supervision or negligent care could have occurred at any number of places other than an automobile. Cf.Standifer v. Pate, 291 Ala. 434, 282 So.2d 261 (1973), where this Court held that a babysitter who undertook to supervise a young child could be guilty of negligence. Standifer overruledNelson v. Gatlin, 288 Ala. 151, 258 So.2d 730 (1972), in which the Court had applied premises liability principles, rather than general negligence principles, in a case involving a scout leader's *Page 1379 
alleged negligence in failing to supervise a nine-year-old scout who was playing in his back yard.
The allegations of negligence here are substantially like those in Standifer; therefore, I cannot agree that, as a matter of law, there was no coverage under the general liability portion of the policy simply because the death of the child occurred in the automobile.
Based on the foregoing, I concur, in part, but must also respectfully dissent, in part, with the holding of the majority.
KENNEDY, J., concurs.