CRAWLEY, Judge,
dissenting.
I conclude that the trial court erred by entering a summary judgment for Sports First. Staggs argues that Sports First is liable based on a traditional premises-liability theory. She specifically argues that she was an invitee and that she presented substantial evidence that Sports First breached the duty it owed to her as an invitee. I agree with Sports First that Staggs did not present substantial evidence to support a premises-liability claim based on her status as an invitee. See Hines v. Hardy, 567 So.2d 1283 (Ala.1990).
Staggs also alleged in her complaint that Sports First negligently performed the duty of exercising reasonable care in supervising her when she was at the Sports First child-care facility while her mother was working at the swimming pool. Staggs relies on Standifer v. Pate, 291 Ala. 434, 282 So.2d 261 (1973) for this negligence claim. In Standifer, the supreme court recognized a cause of action against a voluntary, unpaid babysitter; the complaint alleged that the babysitter undertook a duty to supervise a child and that negligence on the part of the babysitter caused injuries to the child. 291 Ala. at 438, 282 So.2d at 264. The supreme court has explained that Standifer holds that “a person who undertakes the control and supervision of a child, even without compensation, has the duty to use reasonable care to protect the child.” Bryant v. Morley, 406 So.2d 394, 396 (Ala.1981). In Bryant, the supreme court characterized the holding of Standifer as an exception to the standard of care required in premises-liability cases determined by the plaintiffs status as an invitee, licensee, or trespasser.
I conclude that the Standifer exception applies in this case because Sports First voluntarily offers babysitting services for its customers, and because, in this case, it offered those services for its employee. After reviewing the record, I conclude that an issue of fact remains as to whether Sports First breached the duty of reasonable care it owed Staggs to prevent her from being injured. An issue of fact also remains as to whether Staggs was contrib-utorily negligent. Staggs was 7 at the time of her injury, and she is presumed not to have been contributorily negligent, but Sports First can rebut that presumption with evidence that she possesses the “discretion, intelligence, and sensitivity” that a child over 14 possesses. See Lemond Constr. Co. v. Wheeler, 669 So.2d 855, 860 (Ala.1995).
Therefore, I dissent from the affirmance of the trial court’s summary judgment for Sports First.
YATES, P.J., concurs.