**S. H. KRESS CO. et al. v. BULLOCK SHOE CO., and three other cases.**

Nos. 6424–6427.

Circuit Court of Appeals, Fifth Circuit.
March 4, 1932.

Rehearing Denied March 26, 1932.

R. T. Goodwyn, of Montgomery, Ala., Kenneth I. McKay, of Tampa, Fla., and Forney Johnston, of Birmingham, Ala., for S. H. Kress Co. and G. A. Miller, Inc.

H. F. Crenshaw, and John P. Kohn, Jr., both of Montgomery, Ala., for Bullock Shoe Co.

B. P. Crum, of Montgomery, Ala., for Pizitz-Smolian Cooperative Stores, Inc.

H. F. Crenshaw and John P. Kohn, Jr., both of Montgomery, Ala., for Carolyn S. and Lucy B. Randolph.

Wiley C. Hill, of Montgomery, Ala., for Mrs. J. S. Hexton and others.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

These four cases, suits for damages resulting from the collapse of connected buildings in Montgomery, Ala., while excavations were being made on lots immediately adjoining, for the purpose of erecting a building thereon, were, over the objection of defendants, consolidated for trial. The trial resulted in a verdict and judgment for plaintiffs in each of the causes against the owner and the independent contractor of the building being erected. Appellants are here assigning errors upon the conduct and result of the trial. While many errors are assigned, two are principally relied on, one that there is no evidence that either defendant was negligent, the other that, if there was negligence on the part of the contractor, it was negligence for which the owner of the building would not be liable. At and, before the collapse, the appellant G. A. Miller, Incorporated, was engaged as an independent contractor in constructing for appellant Kress Company, a new building on lots Nos. 17 and 19, owned by the Nicrosi heirs but in the possession of Kress under a long-term lease, the

714

terms of which required it to erect a new building covering the entire lots. Miller's contract charges him with responsibility without direction or control from the owner, of erecting the buildings in accordance with the plans and specifications, and it was conceded by all that in fact and in law he was an independent contractor. The case was submitted to the jury on that theory.

The cause went to trial on an amended complaint in two counts, the first setting up that the defendants on the lot or parcel of land in their possession and control, were excavating and removing the soil, and while engaged in said work undertook, while so excavating and removing the soil, to support by underpinning, the west wall of the storehouse occupied by plaintiff and immediately next to the excavation being made by defendants. That the defendants did said underpinning in so negligent and careless a manner that as the proximate result and consequence of it, the west wall fell and collapsed causing destruction and damage. Bullock and Pizitz claimed damage to stock, Hexton and Randolph to the buildings. The second count alleged that while the defendants were excavating they negligently undermined and withdrew the support from and around the foundation of the building occupied by Bullock at its southwest corner; that they negligently dug and excavated the soil under the sidewalk on Dexter avenue at or near the southwest corner of the lot, and as the proximate result caused damage to the tenants in loss and injury to their stocks, to the owners, in the destruction of their buildings.

Much testimony was offered as to the general manner of the work of excavating and underpinning, both on and in front of the Kress lot, and on, under, and in front of plaintiffs' property adjoining. When, however, it came to the submission to the jury, it was accepted as the law of the case that under its facts there was no basis for any claim against defendants on account of work done on the Kress property, either because of what they had done or omitted to do there, or because of failure to give notice of what they had done, or intended to do there. The whole case for plaintiffs was pitched upon the affirmative allegations of the two counts, that the cause of the collapse was work negligently done by the contractor on, under, and in front of plaintiff's lots.

The court made this clear not only in its general charge, where the issue was presented from many different angles, all, however, to the same effect, but in the special charges given at defendants' request. These special charges, in a full and complete way, presented also all of the defensive theories including contributory negligence, and the inherent weakness of plaintiffs' buildings.

Each defendant, at the conclusion of the evidence, requested an instructed verdict on the ground that the evidence had failed to show any proximate fault on its part. These instructions were refused, and the case sent to the jury, which found that the contractor was negligent, and that the work was, in and of itself, so inherently dangerous as that the owner ought reasonably to have anticipated what occurred, and itself made provision against it. The verdict is general. It does not disclose the specific negligence found. This, however, is not material because, though the evidence was greatly conflicting, there was ample evidence to support a finding upon either the theory that there was an encroachment on plaintiffs' property and negligent underpinning of its walls, or that there was a negligent undermining of the walls by excavating on and in front of plaintiffs' property, or that there was negligence in both particulars.

The complaint of the appellant Miller, Inc., that it should have had a verdict by instruction is therefore unfounded, and unless some of the errors assigned upon the conduct of the trial and the manner of the submission of the cause to the jury are well taken, the judgment must be affirmed as to it.

Apart from the underlying claim made by each appellant that the evidence does not support the verdict as to it, errors are assigned by them to the introduction of evidence, to certain portions of the court's general charge, to its refusal to give special charges requested, and there are complaints as to the measure of and the amount of damages. We find nothing in these rulings of which defendants may complain. We think the court was correct in regarding the objections to the evidence offered as going to the weight and credibility, rather than to the admissibility of it. Nor do we think that Miller stands better upon its complaint against the charges. The general charge itself in a full and fair way eliminated from the consideration of the jury every question, except whether the evidence established that the contractor had gone on to adjacent premises, and by reason of what he had negligently done there, caused the collapse of the buildings. Certainly for this kind of negligence defendant Miller would be liable. In addition to the

general charge, the court by special charges given at defendants' request presented in an affirmative way all of the defensive theories of the case, and by these charges further limited, in a definite and conclusive way, plaintiffs' right to recover to the question of negligence connected with encroachments upon plaintiffs' property.

■ Defendants endeavor to make a point on the fact that the trial court, in its submission of the cause to the jury, confused the issue of trespass with that of negligence. We do not think it did. It only followed Parker v. Hodgson, 172 Ala. 632, 55 So. 818. If, however, it did do so, it was to defendants' advantage that it did. Defendants concede that if defendants committed a trespass upon plaintiffs' property as the result of which their buildings fell, they would be liable. They certainly cannot complain because the court further conditioned plaintiffs' right to recover by requiring that the jury find, not merely that the defendants made an encroachment and committed a trespass, but also that they acted negligently while doing so.

Neither do we find any ground for complaint of which we may take notice in the measure of damages which the court adopted, or the amount of damages the jury allowed. It may be, as defendants claim, that the jury allowed for the old buildings more than they were worth, but we have no right to say so, for there is evidence of plaintiffs' witnesses, and none contrary, that the old buildings were worth more than twice the amount found by the jury.

■■ Nor may defendants assert that because the Randolphs were protected by a lease which gave them continuing rent without the necessity of rebuilding, defendants may, under cover of that covenant, destroy plaintiffs' buildings without accountability. The fact that plaintiff has indemnity, no matter of what kind, may not be availed of in defense by a wrongdoer. 17 C. J. 929; Brabham v. Baltimore & O. R. Co. (C. C. A.) 220 F. 35, L. R. A. 1915E, 1201; Bachelder v. Morgan, 179 Ala. 339, 60 So. 815, Ann. Cas. 1915C, 888. We conclude, as to the defendant Miller, that the judgment is without error and must be affirmed, and that it is without error as to Kress Company and must be affirmed as to it, if notwithstanding Miller was an independent contractor, Kress is liable for what he did. The defendant Kress by motion for instructed verdict, and by requested charges, has vigorously throughout the case presented the proposition that the negligence complained of was not its negligence, but that of the contractor. Throughout this case it has preserved, and it stands here urging its claims of error in the action of the court in refusing its request for an instructed verdict, and in submitting to the jury the question of its liability.

Appellant points to the pleadings, the evidence, and the charge of the court presenting as the ground of liability, not excavations or actions on its property, but negligent acts committed by the contractor while trespassing on plaintiffs' property, as its complete exoneration. It urges that whether the case is decided in accordance with Alabama decisions holding flatly "a landed proprietor is not liable for any injuries to a house on an adjacent lot, caused by excavations for building purposes on his own lot, when done by a skilled contractor, to whom the job had been let," Myer v. Hobbs, 57 Ala. 175, 29 Am. Rep. 719, or with decided cases generally, but one conclusion as to it, that of nonliability, can be formed. It says that plaintiffs' case is grounded, from pleading to verdict, upon the theory that the contractor, not pursuant to the work of excavating defendants' property, but in a manner collateral, and in fact contrary to his contract, has negligently caused injury to plaintiffs by affirmatively digging over the line and under plaintiffs' walls. That "none of these acts relate to the mode of executing the work of altering the condition of the adjacent premises. They are all collateral, and in a sense, independent, affirmative, wrongful acts, working injury and giving right of redress, whether done in excavating or in connection with some other work." Walker v. Strosnider, 67 W. Va. 39, 67 S. E. 1087, 1091, 21 Ann. Cas. 1.

It urges that this condition of the record requires a reversal as to it at all events, making it unnecessary to deal with or discuss the state of the authorities upon the responsibility of an owner for injuries caused while excavating or building on his own land, and his right to protect himself from liability therefor by letting the work to a competent contractor. Strosnider and Myers Cases, supra; Smith v. Howard, 201 Ky. 249, 256 S. W. 402; Engel v. Eureka Club, 137 N. Y. 100, 32 N. E. 1052, 1053, 33 Am. St. Rep. 692; Davis v. Summerfield, 133 N. C. 325, 45 S. E. 654, 63 L. R. A. 492; Laycock v. Parker, 103 Wis. 161, 79 N. W. 327; note 50 A. L. R. 482 et seq.; note 23 A. L. R. 1093; Prete v. Gray, 49 R. I. 209, 141 A. 609, 59 A. L. R. 1241.

We agree with this view. The law applicable to this case is that which applies generally to the acts of independent contractors. When the thing done by an independent contractor which caused damage is, as here, outside of and beyond the scope of the contract, collateral and contrary to it, the owner may not be held liable for the consequences of that act, for the contractor is not as to that act his agent, either by selection or by law. The law of Alabama does not charge an adjoining owner with an affirmative duty to shore or support his neighbor's buildings. The common law does not do so. The pleading and the evidence in this case establish that whatever wrongful thing was done to the injury of plaintiffs was done, not pursuant to the contract, but in carrying out an effort wholly collateral to it, and beyond its scope. That the acts thus done were not the acts of Kress at all, but the acts alone of Miller, the contractor, for the doing of which the owner would not be liable.

The judgment in each of the cases is affirmed as to Miller, and in each of them is reversed and remanded as to Kress Company, for further proceedings not inconsistent with this opinion.