Mr. and Mrs. Harry T. HIGDON,
Plaintiffs in Error,

v.

John HENDERSON, Defendant in Error.

No. 36941.

Supreme Court of Oklahoma.

Nov. 13, 1956.

Rehearing Denied Dec. 18, 1956.

Covington & Donovan, Tulsa, for plaintiffs in error.

James P. Devine, Margaret Lamm, Tulsa, for defendant in error.

JOHNSON, Chief Justice.

Parties will be referred to as they appeared in the trial court.

Plaintiffs filed their petition seeking damages for destruction of a shade tree wherein they, in substance, alleged that there was located on the lot line between the adjoining properties of plaintiffs and defendant a large towering oak tree which allegedly was a valuable shade tree for plaintiffs' lot and, in fact, for both lots. It was further alleged that defendant while constructing a residence on his lot adjacent to plaintiffs and over plaintiffs' protest, made an excavation on the defendant's side of the property which cut open and exposed the roots of the tree from which the tree died, resulting in alleged actual damages for loss of the tree.

A demurrer was submitted by defendant upon the grounds that the amended petition failed to state to whom the tree belonged, and for the further reason that the petition did not state facts sufficient to constitute a cause of action.

The demurrer was sustained, and plaintiffs appeal.

For reversal plaintiffs contend that the court erred in sustaining the demurrer.

■ The first reason stated in the demurrer is without merit. Under 60 O.S. 1951 § 68, it is provided:

"Trees whose trunks stand partly on the land of two or more coterminous owners belong to them in common."

See also 2 C.J.S., Adjoining Landowners, § 39, pg. 35, 1 Am.Jur., Adjoining Landowners, 539, Sec. 58. Therefore, where plaintiff stated in his petition that the tree was on the "boundary line," the petition was sufficient to show joint ownership.

The second reason presents the question that we must determine in this appeal; that is, does the petition state a cause of action for damages.

■ Plaintiffs argue that since the tree standing on the boundary line is the common property of both abutting owners that neither had (or has) the right to damage or destroy the tree without the consent or permission of the other. Generally, as a proposition of law this is true, but the rule is qualified by the right of an abutting owner to use his property in a reasonable way and conversely, not in an unreasonable way. Michalson v. Nutting, 275 Mass. 232, 175 N.E. 490, 76 A.L.R. 1109; Anno., 18 A.L.R. 662. The substance of the allegations of plaintiffs' petition does not show an unreasonable use of defendant's property. 2 C.J.S., Adjoining Landowners, § 38, pg. 33; Mead v. Vincent, 199 Okl. 508, 187 P.2d 994. The allegations show that defendant was excavating on his own lot to build a residence and nothing more, which was not an unreasonable use of defendant's property. Under such circumstances, the resulting incidental injury to the tree did not create a right to recover damages. Robinson v. Clapp, 65 Conn. 365, 32 A. 939, 29 L.R.A. 582.

■ Plaintiffs' petition alleges as an additional element of damage that they are entitled to recover expenses for removing the dead tree trunk which allegedly creates a hazard. However, this issue, or question, has not been briefed or argued, and there is no citation of supporting authority; therefore, this issue will not be considered. Railway Express Agency v. Stephens, 183 Okl. 615, 83 P.2d 858.

The order and judgment is affirmed.

WILLIAMS, V. C. J., and CORN, DAVISON, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

WELCH, J., dissents.