This is an appeal from summary judgments granted in favor of defendants Ron Cunningham and R.D. Harris in a co-employee liability suit.
The plaintiff, George E. Hall, was employed as a "head tapper" at Ohio Ferro-Alloys' facility in Montgomery. His job was to clean dross from a furnace tap hole so that hot liquid metal could flow out of the furnace. This was accomplished by firing an 8-gauge kiln gun into the tap hole.
On April 23, 1984, the plaintiff was cleaning out the tap hole when some type of projectile or object passed through his safety *Page 272 
goggles and hit his right eye. Presently, the plaintiff is without sight in that eye.
Plaintiff filed a lawsuit in which he claimed workmen's compensation benefits and sought damages based on co-employee liability against three persons, none of whom are parties to this appeal. The workmen's compensation claim was severed and tried separately, and later defendants Cunningham and Harris were added as defendants on the co-employee liability claims.
On separate motions for summary judgment, the trial court found that neither Cunningham, as president of Ohio Ferro-Alloys Corporation, nor Harris, as assistant vice-president of production of the same company, could be liable under Alabama's co-employee liability law, since their duties were strictly administrative. Pursuant to Rule 54(b), A.R.Civ.P., the trial court directed the entry of a final judgment as to defendants Harris and Cunningham, and this appeal followed.
On summary judgment, the movant must show that there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. Cunningham and Harris clearly met that burden.
Cunningham filed his personal affidavit along with his motion for summary judgment, stating in pertinent part:
 "I am president of Ohio Ferro-Alloys Corporation (hereinafter referred to as "Ohio Ferro"). At all times pertinent to this action and for forty-one (41) years, I have been a resident of Canton, Ohio. I did live in Montgomery, Alabama, from December, 1975, until December, 1976, when the Ohio Ferro plant in Montgomery first opened. For that year I was production supervisor for the company and was responsible for production at the plant. I do not now nor at the time of the plaintiff's accident did I live or work in the State of Alabama.
 "I have no specific knowledge as to the conditions in which the plaintiff worked, and I have no personal knowledge of how or why the accident happened as I was in Canton, Ohio on the date of the accident. I have never observed or seen the plaintiff doing his job. I was not aware that the plaintiff was firing the kiln gun from a position that was not safe, nor was I aware that he or anyone else was shooting dross out of the tap hole with the kiln gun. I was not aware of any other problem or problems with the plant or machinery that might have in any way contributed to the plaintiff's accident."
Plaintiff filed a brief in opposition to Cunningham's motion for summary judgment and attached his own deposition and a copy of the minutes from a safety committee meeting on July 22, 1980, four years before the accident, that may have been sent to Cunningham. Plaintiff's deposition speaks in general terms and does not even mention the defendants' names. It does not create a genuine issue of material fact. The minutes of the July 1980 meeting contain a one-sentence statement that an employee's glasses had been shattered while firing the kiln gun, and that the incident would be investigated by a Mr. E.G. Simms. We simply cannot find that this statement creates an issue as to whether there was a delegated or assumed duty on Cunningham to personally and directly care for the safety of an employee who performed that job four years later.
Along with Harris's motion for summary judgment, his affidavit of Harris was filed. It provides in pertinent part:
 "From 1978 through April 23, 1984, (the date of Plaintiff's accident) I was a permanent resident of Louisville, Ohio. During that same time, I was Assistant Vice President of Production and my office was at the Ohio Ferro-Alloys Corporation (hereinafter referred to as Ohio Ferro) business office in Canton, Ohio. My responsibilities involved keeping up with production at the three Ohio Ferro plants, two in Ohio and one in Montgomery, Alabama.
 "My duties involving safety, if any, were strictly administrative. I was not the safety director and had no safety responsibilities for the day to day safety operations of the three plants. I had no *Page 273 
responsibilities regarding the enforcing of safety rules or procedures at the three plants, as my office was in the business offices located in Ohio. I had no personal knowledge regarding procedures for firing the kiln gun. Furthermore, I had no knowledge that the Plaintiff or anyone else was firing the kiln gun from behind it. I had no knowledge that the Plaintiff or anyone else was not using safety equipment when firing the kiln gun.
 "I did receive copies of some of the minutes of Safety meetings at the Montgomery plant as did the other corporate officers of Ohio Ferro. However, it was not my duty or responsibility, nor did I assume responsibility for seeing that problems reflected on such minutes were corrected, as this involved day to day safety operations at the plant level for which I was not responsible.
 "At the time of the Plaintiff's accident, I did not know the Plaintiff and have no personal knowledge of how or why the accident occurred as I was in Ohio attending to my corporate responsibilities. I was not personally aware that Plaintiff was not following proper procedures for firing the kiln gun and did not know he was shooting dross out of the tap hole with the kiln gun. I was not personally aware of any other problem or problems with the plant or machinery that might have in any way contributed to the Plaintiff's accident."
The plaintiff filed an affidavit in opposition to Harris's motion for summary judgment. The affidavit was of Eugene Louis Moncreaf, the head furnaceman at the plant where the plaintiff was injured. Moncreaf's affidavit is based largely on hearsay, namely that he had been informed by another party that Harris had said that he did not see anything wrong with firing the kiln gun while on the kiln gun deck, and that it had been represented to Moncreaf that Harris was in charge of safety procedure for Ohio Ferro-Alloys Corporation. Hearsay cannot create an issue of fact. Rule 56, A.R.Civ.P. Thus, that part of Moncreaf's affidavit cannot be considered.
In addition, Moncreaf states that he believes, but does not know, that Harris had observed a head tapper firing a kiln gun in the same manner as the plaintiff. Speculation and subjective beliefs are not the equivalent of personal knowledge and do not satisfy the requirements of Rule 56(e). Thus, since Moncreaf's affidavit fails in these two respects, it does not serve to create a genuine issue of material fact.
We agree with the trial court's order of May 30, 1986, granting Harris's motion for summary judgment. In pertinent part, the order states as follows:
 "It is the law of this state that the '[l]iability of a co-employee must be predicated upon the breach of a personal duty owed to the injured employee and not upon general administrative responsibilities of the third-party co-employee defendant.' Fireman's Fund American Ins. Co. v. Coleman, 394 So.2d [334] 344, 347 (Ala. 1980). Therefore, before liability can attach, there must be evidence that the employee had assumed the duty of the employer to provide a reasonably safe place of employment or that the employer delegated such duty to the co-employee. Kennemer v McFann, 470 So.2d 113 [1113] (Ala. 1985). An employee's general supervisory responsibility over a work site does not impose upon that employee an individual duty of due care for the safety of a co-employee. Welch v. Jones, 470 So.2d 1103 (Ala.[1985] 1980). An employee's position in the corporation, 'without more, cannot serve as a basis for a co-employee's liability.' Fireman's Fund American Ins. Co., at 347.
 "Sufficient evidence [of] a duty to provide a reasonably safe place of employment includes such factors as frequent visits to the work site and direct dealings with the workmen or direct work on safety or on he defect which caused the injury. Welch v. Jones. No such evidence has been presented in the case at bar, there being evidence only that Harris once visited the work site. *Page 274 
 "Plaintiff's affidavit does not supply evidence that Harris had assumed responsibility for safety during the visit. Under Rule 56(e), Alabama Rules of Civil Procedure, 'an opposing affidavit must be made no personal knowledge, and must set forth facts that would be admissible in evidence and show affirmatively that the affiant is competent to testify to the matters stated.' MJM, Inc. v. Casualty Indemnity Exchange, 481 So.2d 1136 (Ala. 1985). The affidavit may not, however, be based upon mere speculation or subjective beliefs, as speculation and subjective briefs fail to satisfy the requirements of Rule 56(e)."
We hold that the orders of the trial court granting summary judgment in favor of Cunningham and Harris are correct because the evidence shows without contradiction that their respective duties were strictly administrative in nature, and the evidence offered by the plaintiff does not create a genuine issue to the contrary.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.