These proceedings began when Ralph Biernbaum, the sole general partner of Regency Square Associates, Ltd., and Regency Square Merchants' Association, Inc. ("Regency Square"), filed a complaint in Lauderdale County Circuit Court against Fred R. Lolley d/b/a F.J.F. Interiors, seeking the collection of past due rent, real estate taxes, insurance premiums, and membership dues. F.J.F. Interiors is located in Regency Square Mall in Florence, Alabama. Lolley filed a counterclaim against Biernbaum and Regency Square and a third-party complaint against Ruth Ann Howell; the third party complaint alleged interference with the contractual relations between Lolley and Howell and also alleged conspiracy to interfere with those contractual relations. Lolley also filed a separate lawsuit against Howell, alleging, inter alia, fraud and breach of contract. The trial court granted Lolley's motion to consolidate the two cases. Subsequently, Lolley reached a settlement with Biernbaum and Regency Square and all claims between them were dismissed by stipulation. Thereafter, the trial court granted a summary judgment in favor of Howell in both cases. Lolley appeals. We affirm in part, reverse in part, and remand.
This dispute arose out of an agreement which Lolley entered into with Howell for the sale of his store space in Regency Square Mall. Howell gave Lolley a $500 check as earnest money, and Lolley typed two memoranda evidencing the terms of the agreement. The first states:
 "I Fred R. Lolley agree to sell for the sum of 30,000.00 with 500.00 as a deposit and the balance to be paid on or before May 31, 1983. I also agree to not reopen in a competitive business within 65 miles and including Huntsville for a period of 10 years."
The memorandum was signed by Lolley and was dated April 11, 1983. The second memorandum reads:
 "I Ruth Ann Howell agree to pay Fred R. Lolley the sum of 30,000.00 for the space being occupied by FJF Interiors (m-3) in Regency Square Mall (500.00 in deposit money and the balance on or before May 31, 1983)."
This memorandum was signed by Howell and was also dated April 11, 1983. On April 13, 1983, Howell stopped payment on the check and informed Lolley that she would not purchase his space.
The general nature of the parties' agreement in this case does not appear to be in dispute. Lolley was to sublease his space in the mall to Howell and sell her the leasehold improvements which he had made. In return, Howell was to pay Lolley *Page 255 
$30,000. Howell contends, however, that she was not obligated to go through with the purchase because Lolley did not have the right to sublease the space and sell the leasehold improvements at the time the agreement was entered into. She also contends that Lolley made certain material misrepresentations to her during their negotiations. Lolley concedes (and the record shows) that the leasehold improvements were the property of Regency Square Associates, Ltd., under the terms of his shopping center lease at the time he entered into the agreement with Howell. Likewise, at the time he entered into the agreement with Howell, Lolley had not received approval from Regency Square Associates, Ltd., to sublease the space, as he was required under the terms of the lease to do.
However, as we read his brief, Lolley contends that he had an agreement with Howell which was conditioned upon his having an opportunity to secure the necessary approval. This is disputed in the deposition and affidavits submitted by Howell to the trial court.
Lolley's fraud claim is also predicated upon his negotiations with Howell concerning the sale of the store space. Lolley maintains that Howell fraudulently misrepresented her intentions to purchase his space in order to gain valuable trade information. Howell insists that Lolley cannot recover for fraud because he was aware at the time he was negotiating for the sale of the space that he had not obtained approval to sell. Therefore, she argues that Lolley could not have relied on any representations which she made concerning the purchase.
Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P. All reasonable doubts concerning the existence of a genuine issue of fact must be resolved against the moving party. Fountain v. Phillips,404 So.2d 614 (Ala. 1981).
Lolley's contentions, as well as Howell's, are supported in the record by their depositions and affidavits which were submitted to the trial court. We note that the written memoranda signed by the parties support the proposition that Lolley was to have an opportunity to secure approval for the sale (i.e., the memoranda were signed on April 11, 1983, but the balance of the purchase price did not have to be paid until May 31, 1983). Moreover, Howell admitted in her deposition testimony that her decision not to go through with the purchase was based upon a "business judgment" and not upon Lolley's lack of authority to sell at that time. She also testified by deposition and affidavit that she thought she had an option to purchase and that the earnest money would be forfeited should she not exercise the option.
The parties in this case are simply at issue concerning what they agreed to. There is scarcely a rule more firmly established than that the court, not the jury, will interpret a contract, whether oral or written, unless the court determines the contract to be ambiguous as a matter of law and one of the parties makes an offer of proof as to the surrounding facts and circumstances which would clarify the contract's meaning, in which case it is within the province of the jury to ascertain those facts and draw such inferences from them as are necessary to the interpretation of the contract upon proper instructions by the court. Alpine Construction Co.v. Water Works Board of the City of Birmingham, 377 So.2d 954
(Ala. 1979). It goes without saying that the written memoranda here are incomplete and, thus, ambiguous. Lolley has submitted enough evidence to create a question of fact for the jury as to the substance of the agreement actually reached. Therefore, summary judgment was improper on the breach of contract and fraud claims.
Summary judgment was proper on Lolley's claim against Howell for tortious interference with contractual relations and conspiracy to interfere with contractual relations. Because a breach of contract does not give rise to an action for the tort of intentional interference with business or contractual relations, a party to a contract cannot, as a matter of law, be liable for tortious interference with the contract. *Page 256 
See Alcazar Amusement Co. v. Mudd Colley Amusement Co.,204 Ala. 509, 513, 86 So. 209, 212 (1920) ("A third party who, with knowledge of the existence of a valid contract between others, interferes with its performance . . . commits a tort" (emphasis added)); Hudson v. Venture Industries, Inc., 147 Ga. App. 31,33, 248 S.E.2d 9, 11 (1978), aff'd, 243 Ga. 116, 252 S.E.2d 606
(1979); Prosser and Keeton, The Law of Torts, § 129, at 990 (5th ed. 1984) ("The defendant's breach of his own contract with the plaintiff is of course not a basis for the tort").
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.