MADDOX, Justice.
The issue in this appeal is whether the trial court erred in entering summary judgment for the defendants.
This action concerns a fire that occurred on March 29, 1986, in Sulligent, Alabama. Plaintiffs, Arthur Leon Hollis, Carolyn Ann Hollis, Marvin C. Hollis, and Ruby Lee Hollis, d/b/a Leon’s Grill (hereinafter collectively referred to as “the Hollises”), filed suit against James R. Edwards, Rachel Edwards, and Tina Brock. The Hollis-es alleged that the Edwardses negligently caused the fire in question and that Brock intentionally set the same fire. There was a dispute in the facts over whether the fire started in the building owned by the Ed-wardses and partially leased by Brock and then spread to the Hollises’ building or vice versa. Several witnesses stated that when *873 they arrived on the scene, only the Edwards building was in flames. However, despite investigations by the fire department, an insurance company, and a deputy state fire marshal, the cause and the exact location of the fire’s origin was never determined.
Because this action was filed pri- or to June 11, 1987, the effective date of Ala.Code 1975, § 12-21-12, the scintilla rule governs our review of the summary judgment. “If there is any evidence supporting the position of the party against whom the motion is made, summary judgment cannot be granted.” Boswell v. Coker, 519 So.2d 493, 495 (Ala.1987). As to the Hollises’ claim against Brock, they produced evidence that she was having some financial difficulty with the florist shop she ran in the Edwards building, and they claim that this evidence of a motive for arson is a scintilla of evidence of the act of arson. However, the Hollises produced no evidence of how or where the fire started and no evidence that Brock had anything to do with the starting of the fire. “Speculation and conclusory allegations are insufficient to create a genuine issue for trial.” Bogle v. Scheer, 512 So.2d 1336, 1340 (Ala.1987). The trial court was correct in granting Brock’s summary judgment motion.
Contrary to their claim that Brock intentionally set the fire, the Hollises also claim that the Edwardses negligently caused the fire by not maintaining the wiring in their building and that the Edwards-es negligently allowed the fire to spread by not maintaining a fire wall between the two buildings. Again, no evidence of the fire’s origin was produced; there was nothing to show that it was caused by the wiring or any other possible defect in the building. As to the fire wall, there was no evidence produced that the fire wall was owned by the Edwardses or that an opening in that fire wall contributed to the spread of the fire. All that the Hollises produced against the Edwardses were the Hollises’ own depositions, wherein they claimed that the wiring was faulty and was the cause of the fire, even though they were not experts and they had never even been in the Ed-wardses’ building. Such speculation or conjecture is wholly insufficient to warrant submission of the case to a jury. Thompson v. Lee, 439 So.2d 113, 116 (Ala.1983). The trial court was correct in granting the Edwardses’ properly supported motion for summary judgment.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.