Larue Harding and Muriel Yvonne Harding sued Bethesda Regional Cancer Treatment Center and Dr. Thomas Minetree (hereinafter referred to together as "Bethesda Regional"); Gregg, Bland, and Berry, Inc. ("GBB"); and Athel Hargett and Athel Hargett Trucking Company (both hereinafter referred to as "Hargett"), for damages they claim were sustained as a result of negligence and/or trespass quare clausum fregit[1] in the performance of excavation work on property that adjoined the Hardings' property. Bethesda Regional, GBB, and Hargett filed motions for summary judgment, with supporting affidavits. The trial court granted the motions. This appeal followed. We affirm.
Bethesda Regional constructed a cancer treatment facility on property that abutted the rear of the Hardings' property. Bethesda Regional employed GBB as the general contractor to construct a concrete containment structure for a radio therapy linear accelerator. GBB subcontracted with Hargett for the site preparation work. Several weeks after the completion of the excavation necessary for site preparation, a large tree located on the Hardings' property fell during a wind storm and destroyed a wood and brick fence and damaged their home. The Hardings sued in trespass, contending that the excavation work had been conducted across their property line. They also sued in negligence, claiming that the root system of their tree was cut and the tree undermined during the excavation on Bethesda Regional's property.
The issue for our review is whether the trial court erred in entering summary judgment in favor of Bethesda Regional, GBB, and Hargett against the Hardings' claims of trespass and/or negligent excavation.
Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a *Page 301 
judgment as a matter of law. Rule 56, A.R.Civ.P.; seeLolley v. Howell, 504 So.2d 253 (Ala. 1987). All reasonable doubts concerning the existence of a genuine issue of material fact must be resolved against the moving party. See Bechtel v.Crown Cent. Petroleum Corp., 495 So.2d 1052 (Ala. 1986). This case was pending prior to June 11, 1987; therefore, the applicable standard of review is the "scintilla rule." (See Ala. Code 1975, § 12-21-12.)
Intrusion upon land possessed by a plaintiff, without his consent, is an essential element of trespass quare clausumfregit. Alexander v. Letson, 242 Ala. 488, 492, 7 So.2d 33, 36
(1942). The affidavits of Athel Hargett and John Pennington, an employee of Hargett who performed all of the excavation work on the lot next to the Hardings' property, assert that they were aware of the laws concerning trespass and of the strict requirement not to cross boundary lines onto adjacent property when excavating, and that at no time did they intrude or encroach upon the Hardings' property, as designated by boundary line markers. This shifted the burden to the nonmovants (the Hardings) to produce some evidence of intrusion or encroachment upon land possessed by them. The only evidence of this was in Dr. Harding's affidavit, which the defendants moved to strike on the ground that it did not set forth such facts as would be admissible in evidence and therefore was not admissible for purposes of summary judgment. Dunaway v. King, 510 So.2d 543,545 (Ala. 1987). Dr. Harding's affidavit contained only the following insofar as encroachment or intrusion on his property is concerned: "[the] excavation and digging was done on what appeared to me to be my property. . . . Mr. Lynn [a surveyor] advised me that in fact excavation work had been performed on my property."
Any evidence, offered in response or in opposition to a motion for summary judgment, in the form of affidavits or otherwise, must present facts that would be admissible at trial, Griffin v. Little, 451 So.2d 284 (Ala. 1984), and must be based on personal knowledge. Butler v. Michigan MutualInsurance Co., 402 So.2d 949 (Ala. 1981). Speculation and subjective beliefs are not the equivalent of personal knowledge and do not satisfy the requirements of Rule 56(e). Hall v.Harris, 504 So.2d 271 (Ala. 1987). Moreover, matters based upon information and belief are essentially hearsay and thus are insufficient to support a motion for summary judgment. Welch v.Houston County Hospital Board, 502 So.2d 340 (Ala. 1987).
Dr. Harding's testimony that the "excavation and digging was done on what appeared to me to be my property" and that a surveyor "advised me that in fact excavation work had been performed on my property," was not admissible evidence, and the defendants moved to strike this inadmissible evidence. The Hardings offered no admissible evidence to counter the direct testimony in support of the motion for summary judgment on the trespass claim; therefore, the trial court did not err in granting the defendants' motion for summary judgment on this claim.
Defendants introduced evidence that the excavation work was done in a skillful, prudent, and workmanlike manner. It is undisputed that under the laws of Alabama a landowner has a right to excavate on his own property for a lawful purpose, close to the boundary line, as long as he does not endanger the lateral support of the adjoining property. Nichols v. WoodwardIron Co., 267 Ala. 401, 103 So.2d 319 (1958); see also S.H.Kress Co. v. Bullock Shoe Co., 56 F.2d 713 (5th Cir. 1932). The Hardings had not made any claim involving lateral support, even though it is discussed in their brief; and the record is devoid of any evidence to support such a claim.
Although there are no Alabama cases directly on point dealing with the excavation of roots, this court had addressed an analogous situation. In Drummond v. Franck, 252 Ala. 474,41 So.2d 268 (1949), several plaintiffs brought an injunctive action against the defendant as a result of interference with a claimed right-of-way or other easement. There was evidence that the defendant had removed from trees located on the plaintiffs' property certain *Page 302 
limbs hanging over the defendant's property. In addressing the question of damages, this Court stated that an adjoining landowner has a right to remove limbs that hang over his property.
Given the right to remove tree limbs overhanging his property, an analogy can certainly be made regarding a property owner's right to remove roots extending onto his property. This is especially true in light of the landowner's right to excavate on his own land. See Nichols v. Woodward Iron Co., supra. To deny such a right would create an oppressive restriction on the use of one's own land.
The doctrine of cujus est solum ejus est usque ad coelum etad inferos ("to whomsoever the soil belongs, he owns also to the sky and to the depths"), Black's Law Dictionary 341 (5th ed. 1979), may have been qualified insofar as air flight and oil and gas law is concerned (see Prosser Keeton, The Law OfTorts § 13, 78-83 (1984)); however, it still extends to air space that can be occupied by limbs of trees, Drummond v.Franck, supra, and, we hold today, to the depths that can be occupied by roots of trees.
Other jurisdictions have held that a property owner has a right to remove roots and branches protruding onto or above the property owner's property from a tree located on the property of an adjoining landowner, so long as the disturbance does not extend beyond the common boundary line. Higdon v. Henderson,304 P.2d 1001 (Okla. 1956); Bonde v. Bishop, 112 Cal.App.2d 1,245 P.2d 617 (1952).
The instant case is factually similar to Higdon v. Henderson, supra, in which the plaintiff brought an action against an adjoining landowner, seeking damages for the destruction of a tree on a boundary line. In Higdon, the adjoining landowner, while constructing a residence on his lot, had performed excavation work that had exposed the root system of the plaintiff's tree, allegedly resulting in the loss of the tree. The Oklahoma Supreme Court held that the adjoining landowner's use of his property was not unreasonable and that the resulting incidental injury to the plaintiff's tree did not give the owner of that tree a cause of action.
The owner of property has no duty to refrain from cutting roots of a tree that intrude upon his property. Affidavits introduced by the defendants negated any claim that the cutting was done in a negligent manner. This shifted the burden to the Hardings to show by admissible evidence the existence of a genuine issue of material fact. Horner v. First National Bankof Mobile, 473 So.2d 1025 (Ala. 1985). The affidavit of Dr. Harding established only that a tree fell.
J. Larry Lynn (a civil engineer and land surveyor), indicated in his affidavit that the survey of the lot showed "the location of a large hardwood tree which evidently blew over in a recent wind storm. The tree was on the property line and had been excavated underneath for construction of the adjoining parking lot. . . . [O]ur opinion is that the wind blew the tree over because its root system had been cut and exposed." (Emphasis added.)
Robert Hughes (an agricultural extension agent), stated in his affidavit that in his opinion the "excavation [that cut the roots] made this tree highly susceptible to wind damage." (Emphasis added.)
The affidavits of Lynn and Hughes provided evidence that the tree roots had been cut and that the tree became more susceptible to wind damage because of the exposed root system. The affidavits did not set forth any facts to establish negligent excavation. Therefore, the trial court did not err in entering the defendants' summary judgment on the negligent excavation claim.
AFFIRMED.
HORNSBY, C.J., and MADDOX, JONES and KENNEDY, JJ., concur.
[1] The count seeking damages for infliction of emotional distress and for assault was stricken upon motion of the defendants. It is not an issue on appeal. *Page 303