STEAGALL, Justice.
Allen and Vicki Womack sued Rosamond Corporation, Inc., doing business as Bowman’s Ready Mix (“Bowman’s”), among others, alleging negligence, wantonness, and breach of warranty regarding the construction of their house. The Womacks’ complaint against Bowman’s, which supplied the concrete for their house, reads, “The concrete poured for the foundation and footing was not mixed properly and, accordingly, does not maintain or carry the required and specified unit load of pound pressure per square inch. In addition, the footing poured is insufficient in that it fails to meet Standard Building Code [requirements]; specifically, it fails to meet the requirements in that it does not have an ultimate compressive strength of not less than 2,500 [pounds] PSI [per square inch] at 28 days.”
Bowman’s moved for a summary judgment, based on the pleadings, the complaint, its answer, and the affidavits of Walter Whitten, Ronnie Russell, and Bob Barnett. The Womacks moved to strike portions of all three affidavits, alleging that they contained the opinions and conclusions of laymen regarding matters that were beyond their knowledge. The trial court denied that motion and entered a summary judgment for Bowman’s, writing the following:
“This cause coming to be heard upon the motion for summary judgment filed by Rosamond Corporation, d/b/a Bowman’s Ready Mix, and the Court considering the affidavits of the parties filed in support of, and [in] opposition to, the motion for summary judgment, and the deposition taken in this Court, the Court finds that there are no material facts in dispute and the Court finds the undisputed facts to be:
[[Image here]]
“1. Bowman’s Ready Mix supplied concrete for the footings and the concrete slab in the construction of plaintiffs’ house. Masterbuilt Homes, Inc., was the contractor for the construction of the home, and it was with Masterbuilt that Bowman had the contract to supply the concrete;
“2. Over two years after the concrete was delivered by Bowman’s and installed by Masterbuilt, core samples from the concrete footing were tested, and the concrete could not withstand over 2,100 to 2,200 p.s.i. of pressure;
“3. The strength of concrete is based on two factors: the ‘mix,’ or components of a particular ‘batch’ of concrete, and the manner of installation of the concrete. Concrete which was mixed to withstand 3,000 p.s.i. of pressure would not do so if not installed in a good and workmanlike manner;
“4. The concrete delivered by Bowman’s Ready Mix had a mix strength of 3,000 p.s.i. when delivered to the job site;
*915 “5. Masterbuilt Homes, Inc., the contractor, failed to construct the footings in which the concrete was used, according to the plans and specifications. Specifically, Masterbuilt failed to construct the footings so that they were as wide and deep as called for in the plans, and Mast-erbuilt failed to install ‘rebar’ [steel] for reinforcing the footings.
“DISCUSSION
“The only evidence presented in opposition to the motion for summary judgment was that tests performed on the concrete slab and footings two years after they were installed demonstrated that they could not withstand sufficient p.s.i. recommended by certain industry standards.
“There was no evidence presented by Plaintiffs to indicate that Bowman’s Ready Mix delivered a deficient product and to negate the affidavits of Bowman’s employees and the testimony in the depositions that Bowman’s had delivered 3,000 p.s.i. concrete.
“To the contrary, much of the plaintiffs’ case is addressed to the wholly inadequate manner in which Masterbuilt constructed the footings and slab in which Bowman’s concrete was used.
“There is no substantial evidence to support the Plaintiffs’ claim against defendant Rosamond, d/b/a Bowman’s Ready Mix in this cause.”
The trial judge also disposed of all other claims in this case.
The Womacks contend on appeal that, because the three affiants were not experts, their affidavit testimony would be inadmissible at trial. We do not agree. The affidavit of Ronnie Isbell reads:
“1. My name is Ronnie Isbell. I am currently, and was at the time of the furnishing of the concrete in this matter, employed by Rosamond Corporation d/b/a Bowman’s Ready Mix.
“2. I was the driver of the truck which delivered the concrete to the structure made the subject of the lawsuit.
“3. I have worked in the concrete field approximately 15 years and am familiar with the on-site recognition of the makeup of concrete.
“4. When the concrete was loaded on my truck from the plant, Bowman’s Ready Mix in Pell City, Alabama, it had an approximate slump of six (6) and once it arrived upon the job site the slump had changed to approximately four (4) which would have created a p.s.i. strength of at least 3,000.
“5. [T]his product was indeed furnished to the job site in the condition stated above and was not altered by myself or any other employee of Rosamond Corporation.”
The affidavit of Walter Whitten reads:
“1. My name is Walter Whitten. I was employed by Bowman’s Ready Mix and in charge of mixing the concrete at the time the concrete was furnished to the job site, made the subject of this lawsuit.
“2. I am familiar with and remember specifically the mixture mentioned herein, which had a minimum p.s.i. of 3,000 pounds when it left the Bowman’s Ready Mix plant in Pell City, Alabama, on the truck of Ronnie Isbell going to the job site.”
The affidavit of Bob Barnett reads:
“1. My name is Bob Barnett. I am a structural engineer with my office in Cropwell, Alabama. I have personal knowledge of the facts contained herein.
“2. I have read plaintiffs’ Complaint, as amended, in this action and am familiar with the allegations contained in those pleadings. It is my understanding that plaintiffs allege that Rosamond Corporation, d/b/a Bowman’s Ready Mix, negligently supplied or furnished an inferior product to the structure made subject of the lawsuit, which weakened the foundation, thereby causing the problems outlined in the complaint.
“3. I have inspected the structure made subject of this lawsuit, and it is my expert opinion that none of the problems with the construction as outlined in the Complaint was caused by any defective materials furnished by the defendant, *916 Rosamond Corporation, nor were these problems caused by a weakness in the foundation on said structure.”
Under Rule 56(e), A.R.Civ.P., an affidavit must be made upon personal knowledge, must contain facts that would be admissible at trial, and must show that the affiant is competent to testify to the matters stated in the affidavit. Ex parte Head, 572 So.2d 1276 (Ala.1990) (affidavit based on “information and belief” did not satisfy personal knowledge; Harding v. Bethesda Regional Cancer Treatment Center, 551 So.2d 299 (Ala.1989) (property owner’s affidavit statement that digging was done on “what appeared to me to be my property” was not based on personal knowledge); cf. Black v. Reynolds, 528 So.2d 848 (Ala.1988) (affiant’s statements that “I was informed” and “it came to my attention” were hearsay and, as such, could not be considered).
We conclude that the matters testified to in the affidavits were not matters as to which expert testimony was required as in, for instance, a medical malpractice case or an action under the Alabama Extended Manufacturer’s Liability Doctrine. Rather, the information regarding the p.s.i. of the concrete was certainly comprehensible by employees of Bowman’s and was not so unintelligible that only an expert could understand it. All three affidavits here indicate that the affiants were personally acquainted with the concrete used in the Womacks’ home: Isbell and Whitten on the day the concrete was poured and Barnett pursuant to an inspection after the house was completed. Thus, the trial court did not err in considering the affidavits in support of the motion for summary judgment.
To overcome the prima facie showing by Bowman’s that the concrete was not defective, the Womacks argue, in the alternative, that they presented substantial evidence that it was defective. Again, we disagree. In their motion in opposition to the motion for summary judgment, the Womacks relied, in part, on the depositions of Billy Hutler, a retired building inspector for the City of Mountain Brook, and Frank Upchurch, a materials engineer with Law Engineering, Inc., an engineering consulting firm. Our reading of those depositions discloses nothing to contradict the prima facie showing. What those depositions do indicate, particularly that of Hutler, is that the concrete could have been diluted with water, i.e., improperly installed, thereby reducing the amount of pressure that the concrete could withstand. There is no evidence in the record that the concrete Bowman’s mixed and delivered was substandard.
The summary judgment for Bowman’s is due to be affirmed. See Jordan v. General Motors Corp., 581 So.2d 835 (Ala.1991).
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.