I respectfully dissent from the majority's opinion regarding the appropriateness of a summary judgment because I believe that Kirk failed to produce substantial evidence to "set forth specific facts showing that there is a genuine issue for trial." Rule 56(e), A.R.Civ.P. Once the Griffins, as the moving party, made a prima facie showing that there is no genuine issue of a material fact, and that they were entitled to a judgment as a matter of law, Kirk was required to present substantial evidence to defeat their motion. Capital AllianceInsurance Co. v. Thorough-Clean, Inc., 639 So.2d 1349 (Ala. 1994).
Kirk's complaint asserted numerous allegations against the Griffins. Although Kirk alleged that Sherry Griffin was negligent in permitting her son, Dennis, to drive her automobile, Kirk presented nothing to support that allegation. The Griffins's motion sought a summary judgment "on all claims." That motion was supported with a narrative summary of the Griffins's statement of undisputed material facts, with affidavits of Dennis Griffin and Joseph Maddry, who was an eyewitness, and with portions of Kirk's deposition. The Griffins asserted that Dennis was driving his mother's car as he came from participating in a basketball tournament, and that Kirk failed to advance any evidence of negligence on the part of Dennis or Sherry Griffin. The Griffins asserted that Kirk failed to properly raise any issue of material fact, and that they were entitled to summary judgment as a matter of law, on all claims.
Griffin's affidavit states that he was operating his mother's automobile in the left lane of 21st Street South, preparing to make a left turn. As he was making the left turn, he said, he was struck by Kirk's motorcycle "in my driver's side quarter panel." Griffin stated that he did not hear or see Kirk before the impact.
Maddry's affidavit states that he and his wife were traveling in the vicinity of the accident on that occasion and observed the following:
 "As we approached that intersection I was traveling in the left-hand lane. I noted a black motorcycle pass in the right-hand lane at a great rate of speed that I judged to be far too fast. I had an opportunity to view this motorcycle and formulate an opinion as to its rate of speed. My conclusion is that it was traveling between 50 and 55 miles per hour. At the same time, I noticed a car ahead of us that was merging into my lane. This car had a left turn signal on and it was 75% into my lane at the time the motorcycle began to cross in front of me. I observed this car and I had an opportunity to formulate an opinion as to its speed. I would estimate that that car was traveling approximately 20 to 25 *Page 1383 
miles per hour. I saw the motorcycle strike the left side of the car."
Kirk's deposition discloses that Kirk did not know the speed limit on that street, that he did not know how fast he was travelling, and that, although he did not see the Griffins's vehicle before he struck it, he believed that Griffin turned in front of him. Kirk also testified that he did not know whether Griffin's turn indicator was on. Kirk further stated that immediately prior to the accident, although he changed to the right lane to pass a slower car, he did not know how fast he or that car was travelling, and that he did not know how far his lane change was from the accident scene.
Thus, the evidence produced by the Griffins, in support of the motion for summary judgment, clearly made a prima facie showing that neither Dennis nor Sherry Griffin were negligent, and that they were, therefore, entitled to a judgment as a matter of law.
In opposition to the motion for summary judgment, Kirk merely disputed the Griffins's assertions and submitted an affidavit of his expert witness. That witness stated that his opinion was based upon a review of the police report, photographs of the scene, the affidavits of Dennis Griffin and Joseph Maddry, portions of Kirk's deposition, and Kirk's answers to interrogatories. The expert concluded:
 "[I]t is my opinion that in order for the Chevrolet Celebrity to be positioned as it is shown in the photos and on the police report, that vehicle would have had to turn left from the right hand lane of 21st Street. It would be impossible for that vehicle to turn sharply enough from the left hand lane to be in that position."
He further stated that his opinion regarding the position of the automobile "prior to the collision [was] based on the turning radius that vehicle [was] capable of, and applying that information to a scale diagram of the scene. This is further backed up by personal knowledge of the capabilities in the steering geometry of a vehicle."
An affidavit offered in opposition to a motion for summary judgment must be made on personal knowledge, and must not be based on hearsay, speculation, or subjective beliefs of the affiant. Hall v. Harris, 504 So.2d 271 (Ala. 1987). Assertions in an affidavit must be supported by admissible evidence, such as actual documents or affidavits of witnesses. Mere hearsay does not create an issue of fact. Ex parte Head, 572 So.2d 1276
(Ala. 1990). The Griffins questioned the admissibility of the expert's conclusions and timely objected to the admission of his affidavit, contending that his opinion was not based on personal knowledge, but that he relied on hearsay evidence such as the police report and photographs, and that he relied upon evidence that was not properly authenticated. Nevertheless, even if the affidavit is admissible, Kirk's expert merely speculated that Griffin might have turned left from the right lane. Conclusory allegations and mere speculation are not sufficient to create a genuine issue for trial. Hollis v.Brock, 547 So.2d 872 (Ala. 1989). This affidavit, without more, is not substantial evidence rebutting the Griffins's prima facie showing, i.e., it is not "evidence of such weight and quality that fairminded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989). Further, the requirements of Rule 56(e), A.R.Civ.P., regarding opposing affidavits are mandatory. Head, supra, Because it appears to me that the opinion of Kirk's expert is based on questionable evidence and merely speculates regarding how the Griffins's vehicle was positioned prior to the collision and how Griffin would have to turn to position the vehicle as it was shown in the photos and the police report, I am not convinced that Kirk's expert met the requirements of Rule 56(e), A.R.Civ.P. See Head,supra. Furthermore, the opinion of Kirk's expert does nothing to challenge, much less overcome, the Griffins's prima facie showing that the Griffins were not negligent.
I also disagree with the majority's statement that "even if the expert's affidavit were found not to be admissible, the record reveals substantial evidence of a genuine issue of material fact in order to defeat summary judgment." The affidavit of Kirk's expert *Page 1384 
was the only evidence Kirk presented to support his opposition to summary judgment. If the affidavit is inadmissible, there is simply no other evidence. It is clear that "[w]hen a motion for summary judgment is made and supported . . . [Kirk] may not rest upon the mere allegations or denials of his pleading, but his response . . . must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Rule 56(e), A.R.Civ.P.
This court is limited to the evidence that is in the record. See Blackston v. State ex rel. Blackston, 585 So.2d 58
(Ala.Civ.App. 1991). The most favorable view of the allegations and mere denials contained in Kirk's pleadings might support a finding that Kirk was not negligent; however, Kirk has presented nothing to show that the Griffins were negligent, or that the Griffins had anything to do with causing the accident. See Hollis, supra. Furthermore, once the burden shifted to Kirk, Kirk simply failed to rebut the Griffins's prima facie showing that the Griffins were not negligent, and are, therefore, entitled to judgment as a matter of law.
Although summary judgment is rarely appropriate for cases involving issues of proximate cause, negligence, and contributory negligence, the record evidence in this case establishes that the Griffins were not negligent and did not cause the accident. Kirk presented nothing to show otherwise. While this court may not be able to determine from the record evidence the exact cause of this accident, clearly, the Griffins have made a prima facie showing that they were not responsible for the accident. Kirk's mere assertion that he was not negligent or at fault does not establish the Griffins's negligence. See Franklin v. Cannon, 565 So.2d 119 (Ala. 1990). Simply, Kirk "produced no evidence of how [the accident was caused] and no evidence that [the Griffins] had anything to do with [causing the accident]." Hollis, 547 So.2d at 873. The Griffins clearly made a prima facie showing and once the burden shifted, Kirk failed to produce any evidence, substantial or otherwise, to oppose the entry of summary judgment for the Griffins; i.e., after the Griffins established that they were not negligent, Kirk presented nothing to indicate that the Griffins were negligent. See Harris v. Brewer, 487 So.2d 252
(Ala. 1986).
Because I would affirm the trial court's entry of summary judgment for the Griffins, I must respectfully dissent.